Vol. 105]        JANUARY TERM, 1899.                 259

Com'w'th v. Pearl Laundry Co.    Same v. United Laundry Co., &c.

CASE 30—MISDEMEANOR—JANUARY 12.

# Commonwealth v. Pearl Laundry Company.
## Same v. United Laundry Company.
## Same v. Louis Appel.
## Same v. N. Sid Platt Company.
## Same v. Shoppenhorst Brothers.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. MUNICIPAL CORPORATIONS—CITIES OF THE FIRST CLASS—LAUN-
   DRY LICENSE.—Under the charter of cities of the first class an
   ordinance is authorized requiring the payment of a license for
   the privilege of conducting the laundry business.
2. SAME—CONSTRUCTION OF ORDINANCE.—A person who merely acts
   as agent in collecting and forwarding clothes to a foreign
   laundry on a commission is not conducting a laundry business
   within the meaning of the ordinance.
3. SAME—"TOWEL SUPPLY."—Persons who conduct a "towel supply"
   business for which they pay a specific license are not liable for
   a further license for conducting a laundry business.

H. S. BARKER FOR APPELLANT.

1. Sections 2980, 3011, 3012 and 3058 are within the authority of
   sections 174, 181 of the Constitution and the license ordinance
   is within those sections.  City of Covington v. Wood, 17 Ky.
   Law Rep., 927; Levi v. City of Louisville, 16 Id., 872.
2. Appel and the Platt Company are liable because they make direct
   contracts for the laundry work.

BARNETT, MILLER & BARNETT FOR APPELLEE, THE PEARL
LAUNDRY CO.

1. A municipal corporation must show express authority in its
   charter for the acts it assumes to perform.  It is a government
   of enumerated powers, and acts by a delegated authority.
   Cooley's Constitutional Limitations (6th ed.), p. 227.
2. By section 181 of the Constitution, the General Assembly may
   authorize the city (by charter) to impose and collect a license

260          KENTUCKY REPORTS.          [Vol. 105

Com'w'th v. Pearl Laundry Co.    Same v. United Laundry Co., &c.

fee on "trades, occupations and professions;" but instead of following the Constitution and putting the tax upon the occupation, the charter (sec. 3012 Ky. Stat.) merely authorizes a license tax upon the laundry. The ordinance, therefore, which attempts to tax the person who runs or operates a laundry (instead of "each laundry," as provided by the charter), is not pursuant to the charter and is invalid. To hold otherwise would enable the United Laundry Company to continue to run its three separate laundries under one license, when the charter requires "each laundry" to pay the lcense.

M. A., D. A., AND J. G. SACHS FOR APPELLEE, N. SID PLATT CO.

1. The provision of the ordinance of the city of Louisville making it conclusive evidence of the liability of a person for laundry license to hold itself out as engaged in that business is beyond the city's charter powers, and it is beyond the power of the Legislature to confer such powers. Cooley's Con. Lim. (6th ed.), p. 452; City of Louisville v. Cochran, 82 Ky., 15.

2. A license tax on each laundry is not a tax on the business, but on the instrumentality through which the business is conducted. Every laundry pays *ad valorem* taxes and an additional license tax on the laundry itself is double taxation.

3. The city ordinance based on the legislative grant, if it be held to embrace appellee, who merely collected and delivered, exceeded the power delegated by the charter. The Platt Company does not do a laundry business.

4. Any attempt to impose a license upon the Dayton Laundry of Ohio, doing business through the Platt Company as an agent, is a violation of the interstate commerce feature of the United States Constitution. Crutcher v. Kentucky, 141 U. S., 47; Robbins v. Shelby County, 120 U. S., 489; Com. v. Smith, and same v. U. S. Express Co., 13 Ky., Law Rep., 362; Brennan v. Titusville, 153 U. S., 289; McCall v. California, 136 U. S., 104; *Ex parte* Holman, 36 S. W. Rep., 441; *Ex parte* Hough, 69 Fed. Rep., 330.

SHACKELFORD MILLER FOR THE PEARL LAUNDRY CO., IN A PETITION FOR A REHEARING.    (BARNETT & BARNETT OF COUNSEL.)

1. This court has no jurisdiction of an appeal from a judgment for a fine of only twenty dollars. Ky. Stat., secs. 2922, 950; Broadwell v. Com., 98 Ky., 16; Thompson v. Koch, Id., 403.

2. It is well settled that a person having no interest affected by a

Com'w'th v. Pearl Laundry Co.    Same v. United Laundry Co., &c.

judgment, has no right to appeal. Ky. Stat., sec. 2917; 2 Enc. of Pl. & Pr., 151, 152, 159, 161; Elliott's Appellate Procedure, secs. 132, 133, 134, 135, 142; Civil Code, sec. 18; Payne &c., v. Niles &c., 20 How., 219; Connor v. Pugh's Lessee, 18 How., 394; Cuyler v. Moreland, 6 Paige Ch., 273; McGregory v. Pearson, 51 Wis., 122; Harrison v. Nixon, 9 Pet., 483; Lafette v. Duncan, 4 Mart., 622; *Ex parte* Dorr, 3 How., 103; Davenport v. Fletcher, 16 How., 142; McGinnis' v. Wheeler, 26 Wis., 651; Hackley v. Hope, 4 Keyes, 123; Mills v. Hoag, 7 Paige, 18; Hone v. Van Schaick, 7 Paige, 221; Arrowsmith v. Rapalje, 19 La. An., 327; Gettings v. Moale, 21 Md., 135; Bush v. Rochester Bank, 48 N. Y., 659; Schwackhamer v. Kline's Admr., 25 N. J. Eq., 503; Raleigh v. Rogers, 25 N. J. Eq., 507; Parker v. Raynolds, 32 N. J. Eq., 290; South's Heirs v. Hoy, 3 Bibb., 523; Marr v. Hanna, 7 J. J. M., 643; Stevens v. Stevens, 2 Dana, 428; Combs v. Jefferson Pond Draining Co., 3 Met., 72; Ragland v. Wickware, 4 J. J. M., 531; Marr v. Stevens, &c., 1 Bibb, 292; Civil Code, sec. 734; Mitchell, &c., v. Kinnaird, 17 Ky. Law Rep., 1250; Murphy, &c., v. O'Reiley, 78 Ky., 263; Lyle v. Bradford, 7 T. B. M., 111; Williams v. Tyler, 13 Ky. Law Rep., 392; Meyler v. Holsclaw, 4 Ky. Law Rep., 904; Broseke v. Pendleton Bldg. Assn., 7 Ky. Law Rep., 660; Tibbatts v. Berry, &c., 10 B. M., 473; Meadors v. Brown, 16 Ky. Law Rep., 620; Ky. Stat., sec. 2915; City of Owensboro v. Sparks, 99 Ky., 351; Ky. Stat., sec. 3360.

H. M. LANE for UNITED LAUNDRY COMPANY, IN A PETITION FOR A REHEARING.

1. The Commonwealth has no interest in this appeal. The recovery is for the benefit of the city of Louisville. Barnett v. Feichheimer, 5 Ky. Law Rep., 183; Hersperger v. Smith, 15 Ky. Law Rep., 605; Alford v. Stanford, 13 Ky. Law Rep., 876; Daum v. Hackett, 10 Ky. Law Rep., 38; Newcome v. Turner, 15 Ky. Law Rep., 573; Hanauer, &c., v. Oberlin, 15 Ky. Law Rep., 878.

2. The amount of the judgment is not sufficient to authorize an appeal; and the act authorizing an appeal to test the validity of ordinances of cities of the first class is unconstitutional. Topeka v. Gillett, 32 Kansas, 435; State v. Smith, 48 O. S., 217; State v. Pugh, 43 O. St., 112; State v. Mitchell, 31 O. St., 607; State v. Constantine, 42 O. St., 437; s. c., 51 Am. Dec., 833; Devine v. Cook, 84 Ill., 592; State v. Hermann, 75 Mo., 352; Com. v. Patton, 88 Pa. St., 260; State v. Hammer, 42 N. J. L., 439;

Com'w'th v. Pearl Laundry Co.    Same v. United Laundry Co., &c.

Contieri v. New Brunswick, 44 N. J. L., 59; Gorley v. City of Louisville, 20 Ky. Law Rep., 602.

CHAS. A. WILSON FOR APPELLANT IN RESPONSE TO PETITIONS FOR REHEARING.

The purpose of this appeal is to test the validity of a city ordinance and the amount of the fine is immaterial. Kentucky Statutes, secs. 2922, 2917, 2912, 2934, and 2943.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

It is agreed that these five cases shall be heard together. The proceedings were instituted by warrants taken out against each of the appellees, to show cause why they should not be fined for unlawfully conducting and operating a laundry in the city of Louisville without having license so to do. The five cases represent the different classes of cases that may be raised under the ordinance requiring the payment of a license for operating a laundry. The Pearl Laundry Company operates a single laundry establishment, doing the usual laundry business. The United Laundry Company operates three establishments, viz. the Fishback Laundry, the Star Laundry, and the Louisville Laundry. Louis Appel, as his principal business, conducts a gentleman's furnishing goods store, in connection with which he runs a delivery wagon, which he makes profitable by using it to collect and deliver his customers' laundry, which he has washed at some of the public laundries of the city,—that one being selected that will do the work the cheapest; and the proof shows that he is now getting the work done for 20 per cent. less than the ordinary customer pays,—that amount being allowed him for his services in collecting and delivering the goods, he assuming responsibility to the laundry company for payment therefor. The special business of the N. Sid Platt Company is the making of shirts and dealing in gentlemen's furnishing goods; and,

in addition to doing a small business with the city laun-
dries as is done by Appel, it also solicits work for a laun-
dry in Dayton, Ohio, representing itself as "the sole agent
in Louisville for the Troy Laundry," which appears on its
delivery wagon, and ·also upon a sign over its place of
business.   It claims to be acting simply as agent for the
Ohio concern, receiving 20 to 25 per cent. of the price paid
by its customers as compensation ·for its services.   Schop-
penhorst Bros. are engaged in a towel-supply business, for
which they pay a license, and which consists in laundering
and furnishing towels, and in laundering towels, sheets,
and pillow-cases.   Upon the trial of defendants, upon
their appeal to the circuit court, it was held that the or-
dinance in question was unauthorized by the act of the
General Assembly for the government of cities of the first
class, and for this reason the warrants against all the
defendants were dismissed.

Section 174 of the Constitution provides that "nothing
in this Constitution shall be construed to prevent the
General Assembly from providing for taxation based on·
income, licenses and franchises;" and section 181 provides,
"And (the General Assembly) may by general laws, dele-
gate the power to counties, towns, cities and other muni-
cipal corporations, to impose and collect license fees on
stock used for breeding purposes, on franchises, trades,
occupations and professions."   Pursuant to these provis-
ions of the Constitution the General Assembly, in the
charter provided for cities of the first class (section 2980,
Ky. Stat.), after providing for an *ad valorem* and capita-
tion tax, says, "And (the General Council) may impose
license fees on stock used for breeding purposes, on fran-
chises, trades, occupations and professions, and provide
for the collection thereof."   And by section 3011 it is pro-

264 KENTUCKY REPORTS. [Vol. 105

Com'w'th v. Pearl Laundry Co. Same v. United Laundry Co., &c.

vided, "The General Council may by ordinance provide for the following licenses to be paid into the sinking fund, with adequate penalties for doing business, for the following callings, occupations and professions," and among the callings thus referred to we, find in that section the following: "For each laundry, barber shop, lodging house, * * * not less than $10 nor more than $500."

The first section of the ordinance under which the warrants against appellees were taken out reads as follows: "That hereafter the following licenses shall be paid into the sinking fund of the city of Louisville for the purposes of the sinking fund, for doing the business, following the callings, occupations and professions named, in the city of Louisville, in addition to the *ad valorem* taxes heretofore levied or hereafter to be levied on any species of property in the city of Louisville." The ordinance then takes up each subject for license prescribed in the statute, and fixes the specific license therefor. Section 18 of the ordinance, which is involved in this action, is as follows: "Every person, firm or corporation conducting or operating a laundry or engaged in the laundry business shall pay a license of $100 per year." The common contention of all the defendants is that no power has been granted to the city, by the provisions of its charter *supra*, to enact this ordinance; that the General Assembly, instead of giving the power to impose a license on the trade or occupation of a laundryman, as authorized by the Constitution, only delegates to cities of the first class the right to impose a license on the physical property of the laundry,— and it is claimed that the ordinance is invalid, because it not only imposes a license fee upon each one operating a laundry, but also upon all those engaged in the laundry business.

A fair construction  of the language employed in
the first part of section 3011, Ky. Stat., which qualifies
the language used in fixing the rate of licenses, very clearly
shows that the General Assembly intended that the license
should be for "doing the business, following the callings,
occupations and professions," subsequently enumerated.
This is rendered more evident by the language of section
3012, in which it is provided "that for any other business,
employment, occupation, calling or profession not herein
named, the General Council shall, by ordinance, designate
and fix the rate or rates at not less than $5, nor more than
$5,000, and cause a license to be taken as herein provided."
Besides, the authority to impose license fees on franchises,
trades, occupations, and professions, and provide for the
collection thereof, is fully delegated by the provisions of
section 2980, Ky. Stat., which authorizes the ordinance
licensing the occupation of laundrymen.  Webster defines
a "laundry" as "a place where clothes are washed," and
it follows that a "laundryman" is one whose business it is
to wash clothes.  We conclude, therefore, from the testi-
mony in this case, that the Pearl Laundry Company and
the United Laundry are engaged in the business and
occupation of laundrymen,—that is, they are engaged
in conducting "a place where clothes are washed,"
—and are liable for the tax prescribed by the ordinance,
at each separate place where the laundry business is so
conducted.

There is more difficulty in the cases of the other de-
fendants. Neither of the appellees, Appel nor the Platt Com-
pany operates a laundry, or engages in the laundry busi-
ness, in the sense contemplated by the statute and ordi-
nance.  They merely receive and collect soiled clothes,
to be washed, thus acting as agents for those engaged in

the business of conducting laundries; receiving by way of compensation for their services in collecting and delivering the work a discount of from 20 to 25 per cent. from the price charged the general public. As they own no laundry of their own, they are not laundrymen, and do not compete, in any sense, with the regular laundries. It is not necessary to discuss the federal question raised by the Platt Company, as agents of the Ohio laundry, as the law is well settled that a citizen of another State may come into this State, and solicit and receive work to be done in another State, without being required to pay a license tax. See Crutcher v. Kentucky, 141 U. S. 47, [11 Sup. Ct., 851]; Robbins v. Shelby Co., Tenn., 120 U. S., 489, [7 Sup. Ct., 592]; and Brennan v. Titusville, 153 U. S., 289, [14 Sup. Ct., 829].

In our opinion appellees Appel and the N. Sid Platt Company do not operate laundries, and are not engaged in the laundry business, in the sense contemplated by the statute; and the court below properly dismissed the proceedings against them.

It appears that Schoppenhorst Bros. operate only what is known as a "towel-supply business," which is expressly covered by that name in a separate ordinance, and for which they pay the annual license fee of $50 prescribed therein. The proceeding against them was properly dismissed.

For the reasons indicated, the judgments as to the Pearl Laundry Company and the United Laundry Company are reversed, and those causes are remanded for proceedings consistent with this opinion. The judgments in the proceedings against Louis Appel, the N. Sid Platt Company and Schoppenhorst Bros. are affirmed.