CASE 78—ACTION BY HERMAN J. HERZOG AGAINST THE CITY OF COV-
INGTON TO PREVENT IT FROM REQUIRING HIM TO PAY A LICENSE
TAX AS REAL ESTATE AGENT IN SAID CITY.—NOV. 12.

# City of Covington v. Herzog.

116 725
122 613

APPEAL FROM KENTON CIRCUIT COURT.

FROM A JUDGMENT OVERRULING ITS DEMURRER TO THE PETITION DE-
FENDANT APPEALS. REVERSED.

LICENSE TAX—REAL ESTATE AGENT—ORDINANCE—CONSTITUTIONALITY
—PLEADING—CONCLUSIONS OF LAW.

Held: 1. An allegation that a license tax of $25 on real estate
agents is unequal, unjust, and disproportionate to that on other
occupations, without the recital of any facts to support it, is a
mere conclusion of law.

2. Constitution, section 174, provides that all property shall be taxed
in proportion to its value, and that nothing in the Constitution
shall be construed to prevent the General Assembly from provid-
ing for taxation based on license. Section 181 provides that the
General Assembly may delegate the power to cities to impose li-
cense fees on trades, occupations, and professions. HELD, That
Kentucky Statutes, 1899, section 3058, authorizing cities of the
second class to a levy tax on "real estate agents and brokers,
financial agents and brokers, house agents, rental agents, loan and
brokerage companies," and a city ordinance levying a license tax
of $25 on real estate agents, so defined as to include all these
classes, are not unconstitutional, though several occupations are
grouped under one head.

F. J. HANLON, ATTORNEY FOR APPELLANT.

The constitutionality of the following ordinance is involved in
this case:

"Each and every person or firm engaged in the capacity of,
or following the business of, real estate shall pay a license an-
nually of $25. By a real estate dealer or agent (for the purpost
of this section), is meant each and every person; or firm, who
buys or sells real estate, either at auction or private sale for a
commission, or who loans money on real estate, rents houses or
collects rents therefrom, or sells mortgage or lien notes for com-

mission, shall be considered as engaged in the real estate business, and a such must pay the license herein prescribed."

"Any peron, firm or corporation violating any of the provisions of this ordinance shall, upon conviction in the police court in the city of Covington, be fined in any sum not less than $10 or more tha $50, and the costs of prosecution."

Section 181 of the present Constitution of Kentucky provides in part as follows, to-wit:

"The General Assembly may, by general law only, provide for the payent of license fees on franchises, stock used for breeding purposes, and the various trades, occupations and professions, or a special or excise tax; and may by general laws delegate the power to counties, towns, cities and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions."

The General Assembly pursuant to this authority, granted by the Constitution of the State, did, by an act of March 19, 1894, grant and empower cities of the scond class to levy a license tax upon all real estate agents, as will be found under section 3058, Revised Statutes, subsection 2, which provides, in part, as follows:

"The general council shall have power by ordinance to license, tax and regulate undertakers, auctioneers, real estate agents and brokers, financial agents and brokers, commission merchants, house agents, lightning-rod agents, rental agents, etc."

Subsection 23 of section 3058 provides as follows:

"The general council shall have power by ordinance to impose, enforce and collect fines, forfeitures and penalties for the breach of any provision of this act or any ordinance; to punish the violation of any provision of this act or any ordinance of this city by fine or imprisonment, or by both fine and imprisonment; and no ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense."

The court will observe that the amended ordinance of April 25, 1901, provides:

"That each and every person or firm engaged in the capacity of, or following the business of, real estate agents, shall pay a license annually of $25."

It is respectfully submitted that the license in question requiring "each and every person or firm engaged in the capacity of, or following the business of real estate agent shall pay a license annually of $25," is constitutional and valid, and is a reasonable exercise of the power granted under the charter to

cities of the second class. The license is upon all real estate agents, and the ordinance defines specifically who a real estate agent is, and the nature of his business. The license is not oppressive, but on the contrary is reasonable and fair.

### AUTHORITIES CITED.

City of Covington v. Woods, 98 Ky., 344; Elliott v. City of Louisville, 19 Ky. Law Rep., 414; Bullitt v. City of Paducah, 8 Ky. Law Rep., 870; Levi v. City of Louisville, 97 Ky., 394; Hall v. Commonwealth, 19 Ky. Law Rep., 578; Bowser, &c., v. Thompson, 20 Rep., 31; Wilson & Bro. v. City of Lexington, 20 Rep., 1593; Fidelity Casualty Co. v. City of Louisville, 20 Ky. Law Rep., 1785; Baker v. City of Lexington, 21 Ky. Law Rep., 809; 1 Dillon, p. 410, &c.; see 338-341; Ky. Stats., sec. 3058, subsec. 23; Const., sec. 161; Ky. Stats., sec. 3058, subsec. 2.

MYERS & SOWARDS, ATTORNEYS FOR APPELLEE.

The amended petition recites more fully and clearly the basis of the action. From its reading it will be seen that appellee's contention is threefold:

(1) That the amount of the tax levied is oppressive, unequal, unjust and disproportionate to those borne by tradesmen and professional men generally within the city of Covington, and is disproportionate and unequal to the license or occupation taxes levied generally in said ordinance by the city of Covington, and is an unauthorized taking of private property for public use.

(2) That the license ordinance in question and subsection 2 of section 3058 of the Kentucky Statutes, the same being a provision of charters of cities of the second class, are invalid and void because they and each of them have divided and subdivided appellee's occupation into six occupations, said section 3058 authorizing said divisions and subdivisions and said ordinance levying a license tax for each of said divisions and subdivisions or limiting appellee to the following of one-sixth of his occupation in consideration of the payment of the one license fee.

(3) That the city has no right to fine or imprison appellee for a failure to pay a license or occupation tax.

A municipal corporation has no power or right to do anything other than what it is expressly given the right to do under its charter. The charter of a municipal corporation is a delegation of powers to its governing authority by the legislative branch of the government, and no powers will be presumed to have been

granted that are not mentioned or not necessarily included in a general grant of power. This is particularly true of its right to tax.

The charter of appellant very fully states the procedure necessary to assess, levy and collect ad valorem taxes, but is silent as to the manner of the collection of license or occupation taxes and its right to proceed by arrest and fine is an implied one. It is our contention that least the same degree of care and exactness is required of the governing authority in levying, assessing and collecting license or occupation taxes that is required in assessing, levying and collecting ad valorem taxes. One is as much a tax as the other.

## AUTHORITIES CITED.

Elliott v. City of Louisville, 19 R., 415; Simrall v. City of Covington, 90 Ky., 444; 1 Dillon on Mun. Corp., sec. 322; Mayor of Mobile v. Yuille, 3 Ala., 137; Robinson v. Mayor of Franklin, 1 Hump., 156; Anderson v. City of Wellington, 40 Kan., 173; Ex parte Frank, 52 Cal., 606; Mayor, &c., of Nashville v. Althrop, 5 Cold., 554; Cooley on Taxation, pp. 437, 570; Am. & Eng. Ency. of Law, vol. 25, p. 311; St. Louis v. Green, 7 Mo. App., 468; Marshall v. Wadsworth, 64 N. H., 386; St. Louis v. Sternberg, 4 Mo. App., 453; Shaw v. Pickett, 26 Vt,. 482.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellant, the city of Covington, appeals from a judgment of the Kenton Circuit Court overruling its general demurrer to the petition of appellee, and the entry of a judgment prohibiting the city from prosecuting appellee for conducting a real estate business without license as required by ordinance. The petition of appellee alleges "that he has for many years been employed as the agent of other persons in buying, selling, and renting real estate, and in buying and selling mortgage and other real estate lien notes;" that the city of Covington on the 25th of April, 1901, passed an ordinance relating to the licensing of various lines of business; that section 4 of the ordinance provides: "Real Estate. Each

and every person or firm, engaged in the capacity of or following the business of real estate agents shall pay a license annually of $25.00. By real estate agent for the purpose of this section is meant each and every person or firm, who buys or sells real estate, either at auction or private sale, for a commission; or who loans money on real estate, rents houses and collects rents therefrom, or sells mortgage or lien notes for commission shall be considered as engaged in the real estate business, and as such must pay the license as herein prescribed." That this ordinance and section 3058 of the Kentucky Statutes of 1899, which is a provision of charters of cities of the second class, were both unconstitutional and void in so far as they authorize the levy of a license tax on real estate agents, because they subdivide the business into six distinct occupations, namely, "real estate agents and brokers," "financial agents and brokers," "house rental agents," "loan and brokerage companies;" that under the statute and ordinance the city had the right to levy a license tax on persons pursuing any one of these various occupations, which were in reality the same business; and that the license tax of $25.00 was oppressive, unequal, unjust, and disproportionate to those borne by tradesmen and professional men generally within the city of Covington and disproportionate and unequal to the license or occupation taxes levied generally by the ordinance.

Section 174 of the Constitution provides that "all property, whether owned by natural persons or corporations, shall be taxed in proportion to its value, unless exempted by the Constitution; and all corporate property shall pay the same rate of taxation paid by individual property. Nothing in this Constitution shall be construed to prevent the General Assembly from providing for taxation based on income, license, or franchises." Section 181 of the Constitution pro-

vides that "the General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations, and professions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions." In pursuance to these provisions of the Constitution, the General Assembly, in the charter of cities of the second class, provides that the general council of such a city shall have power by ordinance to tax and regulate every known kind of occupation and pursuit, including auctioneers, real estate agents and brokers, financial agents and brokers, rental agents, etc., and the ordinance in this case conforms substantially to the provisions of section 3058 of the Kentucky Statutes of 1899. While appellee alleges that the license tax of $25.00 is unequal, unjust, and disproportionate to that levied upon other similar occupations, no facts are cited to support the averment, and the allegation, as it stands, is nothing more than a conclusion of law. While there is a general similarity in each of the various occupations grouped in the ordinance under the head of dealers in real estate, and the same person might well engage in all of them at the same time, yet they are by no means identical, and either of them might furnish sufficient employment to occupy the entire time of a person, firm, or corporation. We see no ground for complaint on the part of appellee because the ordinance has grouped all of these separate occupations under a single head, and levied a single tax, as though they only constitute one occupation. If the city had seen fit to separate each of these occupations into separate heads, and required the payment of a license tax for the prosecution of each one of them, appellant would have had better grounds for complaint. We

have had similar contentions before us as to the constitutionality of this provision of appellant's charter, which also appears in the charters of cities of the first, third, and fourth classes, in the cases of Commonwealth v. Laundry Companies, 105 Ky., 259, 20 R., 1172, 49 S. W., 26; City of Covington v. Woods, 98 Ky., 344, 17 R., 927, 33 S. W., 84; and Crosdale v. City of Cynthiana, 21 R., 36, 50 S. W., 977. In all of these cases the constitutionality of the statute and the ordinances pursuant thereto were upheld. The mere averment of the petition that the tax is oppressive and unequal is not sufficient averment of facts to support a cause of action.

For reasons indicated, the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer filed by the city, and for other proceedings consistent herewith.

Petition for rehearing by appellee overruled.

---

CASE 79—ACTION BY M. A. STEMBRIDGE'S ADMR. AGAINST J. B. MC-
DONALD AND OTHERS TO ENFORE A JUDGMENT.—NOV. 13.