CASE 68.—ACTION BY WILLIAM SHUGARS, POLICE JUDGE, AGAINST H. C. HAMILTON TO TEST THE VALIDITY OF A CITY ORDINANCE IMPOSING A LICENSE TAX ON THE OCCUPATION OF MERCHANT TAILORING.—April 17.

## Shugars, Police Judge, v. Hamilton

Appeal from Garrard Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

1. Municipal Corporations—Special Meetings of City Council—Notice—Necessity—Ky Stats. 1903, section 3633, providing that special meetings of the council may be held on written notice of the proposed meeting, requires the giving of notice of special meetings to each member of the council; and special meetings called without notice to all the members are invalid, when any of the members are absent.

2. Same—Place of Meeting—Where the council of a city has designated by ordinance the place at which meetings of the council shall be held, a meeting held in another place, unless a cogent reason may be shown why it was not held at the regular place, is unauthorized, under Ky. Stats., 1903, section 3633, providing that all meetings of the council shall be held at such place as may designated by ordinance.

3. Same—Quorum—Under Ky. Stats., 1903, section 3634, providing

Shugars, Police Judge, v. Hamilton.

that at meetings of a city council a majority of the members shall constitute a quorum and that the mayor shall preside at the meetings, four members of the council of a city of the fifth class constitute a quorum, though the mayor may not be present, and a member of the council chosen as mayor pro tem, may be counted as a councilman for the purpose. of a quorum.

4. Same—Ordinances—Enactment—Ky. Stats., 1903, section 3636, providing that no ordinance granting a franchise shall be passed by a city council on the day of its introduction nor within five days thereafter, applies only to a franchise proper, which is a contract between the city and the party to whom it is granted, and does not prohibit a council from passing an ordinance imposing an occupation tax at the meeting at which it was first introduced.

5. Same—Ordinances Imposing Occupation Tax—Validity—An ordinance imposing a license fee on persons engaging in the trade of merchant tailoring, adopted under the authority of Const., section 181, and Ky. Stats., 1903, section 3637, does not levy a tax, within Const., section 180, providing that every ordinance levying a tax shall specify distinctly the purpose for which the tax was levied; and the ordinance is not invalid because it does not specify the purpose for which the license fee is imposed.

G. W. SWINBROAD, attorney for appellant.

### AUTHORITIES CITED.

Charter 5th Class Cities, sections 3639, 3616, 3633, 3634, 3636, 3637, subsections 3 and 4, 3646, and 3648; Ky Statutes, chapter 108, article 10, sections 4190, etc., 4195; Ky. Statutes, section 4019; Constitution, sections 180-181 and note (2); City of Hawesville v. Board of Education of Hawesville, 18 Ky. Law Rep., 208; Mayor and Councilmen of City of Eminence v. Wilson, 20 Ky. Law Rep., 29; Trustees of Common School District No. 8, v. City of Vanceburg, 20 Ky. Law Rep., 369; Burch v. City of Owensboro, 18 Ky. Law Rep., 284; City of Somerset v. Smith, 20 Ky. Law Rep., 1489; Bybee v. Smith, 22 Ky. Law Rep., 1684; Wilson & Bro. v. City of Lexington, 105 Ky., 765; Elliott v. City of Louisville, 101 Ky., 262; Hall v. Comonwealth, 101 Ky., 382; Fidelity & Casuality Company v. City of Louisville, etc., 106 Ky., 207; City of Carlisle v. Heckinger & Co., 103 Ky., 381.

R. H. TOMLINSON, attorney for appellee.

AUTHORITIES CITED.

Bybee v. Smith, 22 Ky. Law Rep., 1684; City Somerset v. Smith, 20 Ky. Law Rep., 1488; Ky. Constitution, sec. 180;. City of Somerset v. Somerset Banking Co., 22 Ky. Law Rep., 1129; Burch v. City of Owensboro, 18 Ky. Law Rep., 284; Ky Stats., sec. 3636, 3633.

OPINION OF THE COURT BY JOHN D. CARROLL, Commissioner—Reversing.

To test the validity of an ordinance enacted by the city council of Lancaster, Kentucky, a city of the fifth class, this action was instituted. The ordinance in question provides that it shall be unlawful for any person to engage in the occupation or trade of merchant tailoring without first having obtained a license therefor and paying the license tax of $50 per year, and its validity is assailed: First. Upon the ground that Ky. Stat., 1903, section 3636, requires an ordinance of this character to be introduced into the council five days before it is passed, and that the meeting at which this ordinance was first introduced was a called meeting, at which only four of the six members of the council were present, two members and the mayor and clerk being absent; that this special meeting was not called either by the mayor or by three members, nor was written notice of the meeting delivered to each of the members, as required by section 3633, of the Kentucky Statutes of 1903. Second. That this special meeting was not held at the place where the city had designated by ordinance that meetings of the council shall be held. Third. That it is in violation of section 180 of the Constitution, providing in part that "every ordinance or

resolution passed by any county, city, town, or municipal board, or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied,'' as the ordinance fails to specify the purpose for which the tax was levied. On hearing, the Circuit Court adjudged the ordinance void, and the city appeals.

Under the admitted allegations of the petition it may be conceded that, if this ordinance was required by the statute to be introduced at a meeting of the council held five days before its final passage, it would be invalid, as the meeting at which it was first considered was not called in the manner provided by the statute, nor held at the place designated for meetings of the council. Ky. Stat., 1903, section 3633, provides that the city council ''shall hold regular meetings once in each month, at such times as they shall fix by ordinance. Special meetings may be called at any time by the mayor, or by three members by written notice delivered at least three hours before the time specified for the proposed meeting. All meetings of the city council shall be held within the limits of the city, and at such places as may be designated by ordinance and shall be public.'' The purpose of the statute in requiring the city council to hold its meetings at the time and place fixed by ordinance was to give the citizens of the town an opportunity to be present, if they desired, at the deliberations of the council, and to make such suggestions as they deemed wise and proper for the government of the city.

The council is the legislative body of the city, and occupies towards it the same general relation as the General Assembly of the State does towards the

vol. 122—39.

people of the State, and it is important for the well-being of the city and the proper administration of its affairs that the people of the city who are interested in its governmental affairs shall know when and where their local legislative body is to meet, and when special meetings of the council are called, as they may be, each member of the council who can be notified is entitled to have written notice of the time and place of the meeting, so that all of the council may be present and participate in the deliberations of the municipal body. It is true that a quorum of the council may transact its business, but it is the duty of each member of the council who can attend its meetings to do so, and to give advice and counsel touching the business pending before the body, and the people of the city are entitled to have the joint and collective judgment of all their representatives at the meeting. Statutory provisions requiring notice of special meetings to be given to each member in the manner provided by the statute are said in Dillon on Municipal Corporations, sections 263-267, to be mandatory, and special meetings called without notice to all the members, and when any of the members are absent, are invalid for the purpose of transacting the business of the city.

When the council has designated by ordinance the place at which meetings of the city council shall be held, a meeting held in another place, unless some cogent reason could be shown why it was not held at the regular place, would not be authorized under the statute, and the council at such meeting would have no power to enact ordinances for the government of the city. Town of Springfield v. People's Deposit Bank, 111 Ky., 105, 63 S. W., 271, 23 Ky. Law Rep., 519.

At a regular meeting of the council assembled at the place designated, four members of the council, being a majority of the whole board, constitute a quorum for the transaction of business, although the mayor may not be present. Under the statute (section 3634) it is the duty of the mayor to preside at meetings of the council, and he may only vote in case of a tie. In his absence, a member of the council may be chosen as mayor pro tem.; but this does not deny him the right to vote as a member of the council. Of course, he cannot also vote as mayor. The mere fact that he is discharging temporarily the duties of the office of mayor does not interfere with the performance of his duties as councilman, and he may be counted as a councilman for the purpose of a quorum, to constitute which the presence of four members of the council is necessary. City of Somerset v. Smith, 49 S. W., 456, 20 Ky. Law Rep., 1488; Bybee v. Smith, 61 S. W. 15, 22 Ky. Law Rep., 1684.

We cannot, however, agree with counsel for appellee that it was necessary that this ordinance should be introduced at a meeting of the council held before its passage. Section 3636 of the Kentucky Statutes of 1903 provides that "no ordinance and no resolution granting a franchise for any purpose shall be passed by the city council on the day of its introduction, nor within five days thereafter, nor at any other than a regular meeting. No resolutions or order for the payment of money shall be passed at any other time than a regular meeting. And no ordinance, resolution or order shall have any validity or effect unless passed by the votes of at least three members of the city council." Under this statute no ordinance or resolution granting a franchise can

be passed at the time of its introduction, nor within five days thereafter; but an ordinance or resolution that does not grant a franchise may have its final passage at the meeting at which it is introduced. A distinction is made between the ordinary ordinance enacted for the government of the city and ordinances or resolutions by which important rights and privileges in the form of franchises are granted to persons or corporations. A franchise is a contract between the city and the party to whom it is granted, and cannot be revoked or annulled as an ordinary ordinance may be, and therefore the Legislature wisely provided that the city council, before granting a franchise, should have time to carefully consider the nature and effect of the contract it was about to enter into, and these charter provisions relating to the granting of franchises have been held mandatory in Maraman v. Ohio Valley Tel. Co., 76 S. W., 398, 25 Ky. Law Rep., 784, Rough River Tel. Co. v. Cumberland Tel. Co., 119 Ky., 470, 84 S. W., 517, 27 Ky. Law Rep., 32, and other previous decisions.

As the ordinance in question in this case does not grant a franchise to any person, and was passed at a regular meeting of the council held at the time and place provided by ordinance for meetings of the council and when the mayor and clerk were present, it is not open to the objection urged against it on account of irregularity in the meeting at which it was first introduced, as it is not material whether the meeting at which it was introduced was a valid meeting or not.

Nor is the contention of counsel that the ordinance is void because it fails to specify the purpose for which the tax is levied tenable. It is true, as held

in City of Somerset v. Somerset Banking Co., 109 Ky., 549, 60 S. W., 5, 22 Ky. Law Rep., 1129, City of Louisville v. Button, 118 Ky., 732, 82 S. W., 293, 26 Ky Law Rep., 606, and Carpenter v. Town of Central Covington, 119 Ky., 785, 81 S. W., 919, 26 Ky. Law Rep., 430, that every ordinance or resolution levying a tax shall specify distinctly the purpose for which the tax is levied; but the ordinance in this case does not levy a tax within the fair meaning of section 180 of the Constitution. It only provides for the payment of a license fee by such persons as engage in the occupation or trade of merchant tailoring within the city, and this license fee the city council was authorized to impose by virtue of section 181 of the Constitution and section 3637 of the Kentucky Statutes of 1903, which is a part of the charter of fifth-class cities, enacted for the purpose of permitting cities of this class to impose license fees on trades, occupations, and professions. Evers v. City of Mayfield, 120 Ky., 73, 85 S. W., 697, 27 Ky. Law Rep., 481; City of Covington v. Herzog, 116 Ky., 725, 76 S. W., 538, 25 Ky. Law Rep., 938; City of Carlisle v. Heckinger, 103 Ky., 381, 45 S. W., 358., 20 Ky. Law Rep., 74.

We are therefore of the opinion that the ordinance is valid, and the judgment of the Circuit Court is reversed, with directions to proceed in conformity to this opinion.