

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 27, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1255

Re: Legality of expend-
ing moneys to admin-
ister the Act creating
the Board of Vocation-
al Nurse Examiners.

Dear Sir:

Your request for an opinion reads as follows:

"Sec. 13 of H. B. No. 47, Chapter 118, of the Regular Session of the 52nd Legislature, reads as follows:

"'Sec. 13. Upon and after the effective date of this Act, all moneys derived from fees, assessments, or charges under this Act, shall be paid by the <u>Commission</u> into the State Treasury for safe-keeping, and shall by the State Treasurer be placed in a separate fund to be available for the use of the Commission in the administration of the Act upon requisition of the Commission. All such moneys so paid into the State Treasury are hereby specifically appropriated to the <u>Commission</u> for the purpose of paying the salaries and expenses of all persons employed or appointed as provided herein for the administration of this Act, and all other expenses necessary and proper for the administration of this Act including equipment and maintenance of any supplies for such offices or quarters as the Commission may occupy, and necessary traveling expenses for the Commission or persons authorized to act for it when performing duties hereunder at the request of the Commission. At the end of the calendar year, any unused portion of said funds in said special account shall be set over and paid

Hon. Robert S. Calvert, page 2  (V-1255)

into the General Revenue Fund.  The Comptroller shall, upon requisition of the Commission, from time to time draw warrants upon the State Treasurer for the amount specified in such requisition, not exceeding however, the amount in such fund at the time of making any requisition; provided, however, that all moneys expended in the administration of this Act shall be specified and determined by itemized appropriation in the General Departmental Appropriation Bill.' (Underscoring supplied.)

"This House Bill No. 47 was not presented to this department and certified as required under Sec. 49-a of Article III of the Constitution.

"I call your attention specifically to the underscored provision of Sec. 13, '* * * provided, however, that all moneys expended in the administsration of this Act shall be specified and determined by itemized appropriation in the General Departmental Appropriation Bill.'

"This department is setting up its appropriation ledgers and before setting up this appropriation for the use of the Board we desire your opinion as to whether the fees, assessments, etc., under this Act are appropriated and available to the Board from and after the effective date of the Act.

"This is a new law and this department has made no departmental ruling that would cover the above question.  We are doubtful that the monies are available to the Board under the restricted language above quoted. However, it is argued that the language 'specified and determined by itemized appriation in the General Departmental Bills applies to future General Departmental Bills and not to the present ensuing Departmental Bill.  This Act is a ninety day bill

and does not become effective until
September 7th, one week after the
effective date of the Departmental Bill
for next biennium.

"We respectfully desire your opinion
and answer to the above question."

House Bill 47, Acts 52nd Leg., 1951, ch.
118, p. 197, referred to in your request, creates
a Board of Vocational Nurse Examiners to administer
the provisions of the act. The purpose of House Bill
47 is to regulate the practice of vocational nursing.
The Board is given the power to employ necessary
personnel to carry out the provisions therein.

Section 13 of House Bill 47, quoted in
your request, makes an appropriation of all moneys
derived from fees, assessments, or charges under
House Bill 47 for the purpose of "paying the salar-
ies and expenses of all persons employed or appoint-
ed as provided herein for the administration of this
Act, and all other expenses necessary and proper for
the administration of this Act, including equipment
and maintenance of any supplies for such offices or
quarters as the Commission may occupy, and necessary
traveling expenses for the Commission or persons
authorized to act for it when performing duties here-
under at the request of the Commission."

While Section 13 of House Bill 47 con-
tains the proviso, that "all moneys expended in the
administration of this Act shall be specified and
determined by itemized appropriation in the General
Departmental Appropriation Bill," the general appro-
priation bill does not itemize the appropriations
to be expended by the Board of Vocational Nurse Ex-
aminers. Therefore, if effect is given to the above-
quoted proviso, it will be impossible for the pro-
visions of House Bill 47 to be administered by the
Board, since there would be no money available for
expenditure.

In Dolan v. Walker, 121 Tex. 361, 49 S.W.
2d 695, 697 (1932), it was stated:

"... The rule is also well established that the courts cannot adopt the construction of a section of a statute, no matter how plainly required by its language standing alone, which would defeat the intention of the Legislature as reflected in the whole statute.' Moorman v. Terrell, 109 Tex. 173, 202 S.W. 727."

It was also held in <u>Wood v. State</u>, 133 Tex. 110, 126 S.W.2d 4, 7 (1939):

"It is the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, <u>even though the literal meaning of the words used therein is not followed.</u>"

Since it was clearly the intention of the Legislature to regulate the practice of vocational nursing, it is our opinion that the appropriation contained in Section 13 will be available for expenditure upon the effective date of House Bill 47, and for a period of two years thereafter, for the purposes stated therein. An appropriation of money from the Treasury may not be made for a longer period than two years. Tex. Const. Art. VIII, Sec. 6. In order for these fees to be available for expenditure thereafter, it will be necessary for the same to be reappropriated by the Legislature.

In connection with your question regarding the necessity of the Comptroller's certifying the appropriation, it is our opinion that the appropriation contained in House Bill 47 is not the type of appropriation for which a certificate is required under Section 49a of Article III, since the bill only appropriates the fees to be collected. Att'y Gen. Op. O-6626 (1945).

## SUMMARY

Failure of the Legislature to make an itemized appropriation in the general appropriation bill for expenditures of the Board in accordance with the proviso in Section 13 of House Bill 47 does not affect the availability of the appropriation made

Hon. Robert S. Calvert, page 5 (V-1255)

by the general statute itself for the first two years in which the Act is operative. Otherwise, the intention of the Legislature to regulate the practice of vocational nursing would be defeated.

The appropriation contained in Section 13 of H.B. 47, Acts 52nd Leg., 1951, ch. 118, p. 197, will be available to the Board of Vocational Nurse Examiners on September 7, 1951, (effective date of H.B. 47), for expenditure for the purposes of administering the Act.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

JR:em:gs

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant