Town of Pikeville v. Huffman, &c.

CASE 36—ACTION TO RECOVER MONEY PAID AS LICENSE TAX—Dec. 19.

# Town of Pikeville v. Huffman, &c.

### APPEAL FROM PIKE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—POWER TO PASS ORDINANCE PROHIBITING SALE OF CIDER.

Under the police or general welfare clause of the charter of towns of the sixth class, a town of that class has power to impose a license tax on persons engaged in the occupation of selling cider, or even to prohibit it, as cider is to some extent intoxicating.

JAS. M. ROBERSON AND BART BETCHER, FOR APPELLANT.

In April, 1896, the town of Pikeville, a city of the sixth class, passed an ordinance requiring all persons selling cider in said town to procure a license to do so, from the board of trustees, and pay a tax therefor at the rate of $200 per annum, and no license should be granted for a less period than a year, and also passed an ordinance imposing a fine of not less than $20 nor more than $50 on any one selling or offering to sell cider in said town without such license.

The appellees under this ordinance obtained and paid for a license to sell cider in said town for the two years following the passage of said ordinance, making the sum total of $400 paid for said privilege. At the expiration of the second year, the town passed an ordinance prohibiting the sale of cider in said town.

Appellees then filed their suit against the town to recover back from the town the $400 they had paid for their license, alleging that the ordinance was unconstitutional and void, and that they had paid same under a mistake as to their rights. A demurrer to the petition was overruled and answer was filed pleading the ordinance, etc. To this answer a demurrer was filed and sustained, and, failing to plead further, judgment was rendered against the town for the $400, with interest from date of payment, and from this judgment this appeal is prosecuted.

Counsel for appellants contend as follows:

1. An ordinance which is repugnant either to the Constitution or

Town of Pikeville v. Huffman, &c.

general laws is void. Note 34, Am. Dec., 628 and cases cited; Cooley's Con. Lim., 238, 239; March v. Com., 12 B. M., 25.

2. While a right to license an employment does not imply the right to charge a license fee therefor with the view to revenue, yet where the power to license and collect a tax for revenue purposes is expressly conferred, an ordinance in pursuance to such power is valid. Cooley Con. Lim., 242; note 34, Am. Dec., 639.

3. The power to impose and collect license fees and taxes on all "trades, occupations and professions" is expressly conferred upon towns of the sixth class. Kentucky Statutes, section 3704, sub-section 1.

4. Where the amount of taxes is not limited by the charter, it is left to the judgment and discretion of the municipality to say what the same shall be. North Hudson v. Hoboken, 41 N. J. L., 71; Ad. Ex. Co. v. City of Owensboro, 85 Ky., 265 (8 Rep., 908); Dillon on Mun. Corp., sec. 628; Fecheimer v. City of Louisville, 84 Ky., 306 (8 Rep., 310); Sacramento v. Crocker, 16 Cal.; Un. Ex. Co. v. St. Joseph, 66 Mo., 675.

5. An ordinance requiring the payment of a license tax before engaging in the sale of cider is not class legislation. A license tax on business callings need not embrace all classes of business. It is essential only that all persons pursuing the same business or like occupations shall be taxed in the same manner. Rankin v. City of Henderson, 9 Ky. Law Rep., 861; Bullitt v. City of Paducah, 8 R., 870; note 34 Am. Dec., 639.

6. Cider is not a necessary or useful article; it is a beverage only, and in many instances it is intoxicating to a certain degree, and the power to regulate its sale is clearly within the charter provisions of towns of the sixth class.

7. Even if the ordinance in question is held to be unconstitutional and void, the money paid by appellees can not be recovered back, because they paid the same voluntarily. Louisville v. Anderson, 79 Ky.. 334 (2 R., 344); Town Council v. Burnett, 34 Ala.; Reem v. Monroe, 7 Cush. (Mass.) 131.

J. M. YORK, AUXIER & AUXIER, FOR APPELLEES.

CLASSIFICATION OF DISCUSSIONS AND AUTHORITIES RELIED UPON.

1. Authority of municipal corporations to levy a license tax on trades, occupations and professions. Am. & Eng. Ency. of Law, vol. 15, p. 1039; same page, 1040; Anderson v. Covington, 14th Bush, 312; Johnson v. Louisville, 11th Bush, 527:. Kentucky Statutes, sec. 3704; Cooley on Taxation, 408; Kniper v. Louisville, 7th Bush, 603; Com. v. Voorhies, 12th B. Monroe, 362;

Dillon on Mun. Cor., secs. 260 and 605; Mayor v. City of Lexington, 8th Ky Law Rep., 138; Am. & Eng. Ency. of Law, vol. 15, p. 1192.                ,

2. Judicial notice of facts known to be true by experience and observation. Schlonenberger v. Pennsylvania, 171 U. S., 1; 43 L. ed., 49, 18th Supreme Court Rep., 757; 1st Greenleaf Ev., sec. 6; 1st Wharton's Ev., sec. 282; 1st Jones' Ev., secs. 129 and 134; Lanfear v. Mestier, 18th L. A. Ann., 497; S. C., 89 Am. Decision, 658 and notes 693; State v. Goyette, 11th R. I., 592; Watson v. State, 55th Ala., 158; Boulemett v. State, 28th Ala., 83; 12th Am. & Eng. Ency. ow Law, page 199; same, page 165.

3. Construction of terms, "trades, professions or occupations." 13th Am. & Eng. Ency. of Law, notes, page 527.

4. Limitations on police power. 14th Amendment to Constitution of the United States; Bill of Rights of Kentucky Constitution; Tiedeman's Lim. of Police Power, sec. 85; same, sec. 102; Cooley's Con. Lim., top page, 244; 13th Am. & Eng. Ency. of Law, page 532; same, notes, page 531; 3 Am. & Eng. Ency. of Law, page 239; same, 15 vol., page 1185.

5. Right to recover back money paid under mistake of law or fact or under duress of ordinance. Louisville v. Anderson, 2d Ky. Rep., 344; Bruner v. Town of Stanton, 19th Rep., 1514; Bruner v. Clay City, 18th Rep., 1008; City of Owensboro v. Elder, 3d Rep., 255; Newman's Pleading & Prac., 512; Fechheimer Bros. & Co. v. Louisville, 84th Ky., 306.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant is a town of the sixth class. Among its enumerated powers are those found in section 3704, Kentucky Statutes. Subsection 1 is: "To pass ordinances not in conflict with the Constitution or laws of this Commonwealth or of the United States, and to impose and collect license fees and taxes on stock used for breeding purposes, and all franchises, trades, occupations and professions." Subsection 4 provides especially for the licensing of the sale of "spirituous, vinous or malt liquors." Subsection 7: "To do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to enact and enforce within the limits of said

town all other local, police, sanitary and other regulations as do not conflict with general laws." Appellees were a firm of retail grocers in the town, among many other articles having cider for sale. The town passed an ordinance in April, 1896, imposing a license tax of $200 per annum on each person "engaged in the occupation of selling cider in the corporate limits of the town of Pikeville, Pike county, Kentucky." At the same time appellant passed an ordinance "that any person who shall engage in the business, or sell, or offer to sell, cider in the corporate limits" of the town, before procuring the license and paying the tax provided by the former ordinance, should be fined, on conviction, not less than $20, nor more than $50. Appellees applied for and were granted a license for the "occupation of selling cider" for the year 1896, and paid the $200 tax. They again applied for and were granted similar license for the following year, and paid again the sum of $200 for the tax. At the expiration of that year, the board of trustees of the town passed an ordinance prohibiting the sale of cider within the town. Appellees have sued the town to recover, and did recover, in this action the $400, paid as above stated, upon the ground that the ordinances fixing the license tax were unconstitutional, and that the tax had been paid under a mistake of law and fact. Whether the imposition of the license tax was within the powers of the town trustees is the question.

There are two grounds upon which the town's right to pass the ordinances is rested: (1) That of licensing occupations, a power expressly conferred by the Legislature; (2) that of regulating under the head of police of the "general welfare" clause, contained in subsection 7 of section 3704.

It is not necessary to decide the more troublesome ques-

Town of Pikeville v. Huffman, &c.

tion involved in the first ground stated, for we have reached the conclusion that under the second head the exercise of the power by the board of trustees is clearly sustained. To what extent government may regulate or prohibit useful, or even harmless, callings, as an invasion of the citizen's liberty in the "pursuit of happiness," is not here involved. It is generally conceded now, and certainly in this State is it established, that it is a proper exercise of the police power, inherently incidental to government, to regulate by license or otherwise, or even to prohibit, those callings hurtful to the morals, the health, or the peace of society. Embraced in such is the making, vending, and use of intoxicants. Those liquors coming within the accepted definitions of "spirituous, vinous, and malt" are most generally treated of in such legislation. But the very fact that the Legislature exercises and delegates to municipalities power, under the head of "police regulations," to regulate the manner of, and exact a license for, the sale of such, is a sufficient basis for a similar exercise of the same power in like regulation of the sale of other intoxicants, whether of greater or less intoxicating effect; for, after all, it is the fact that the prescribed article is hurtful to health or peace or morals, and not the extent of its hurtful capacity, that justifies the governmental interference. So, if the fact is that a given article in its nature is objectionable on any of the grounds named, it is properly within the police power of the State, and of the municipality when so delegated, to regulate its use by exacting a license therefor, or even to prohibit it. Cider is "a strong drink," a beverage; in no sense a necessity more than is beer or wine. It is as distinctly a beverage as either beer or wine. True, it is not as intoxicating,

but its classification as a beverage is as distinct as either of the others, and not the less certain. The ordinance being valid, the license was properly exacted.

Judgment reversed, with directions to dismiss the petition.