## Bradford v. Jones, Police Judge.

(Decided March 16, 1911.)

### Appeal from Whitley Circuit Court.

1. Municipal Corporations—License Fees.—The courts are reluctant to interfere with the discretion vested in municipalities in respect to the amount of the license fee it may demand for the sale of an article and will not interfere with the action of the municipal authorities unless it clearly appears that their action is arbitrary, unreasonable and oppressive.

2. License Fees—Police Power.—When the police power can be invoked as authority to control and regulate the sale of an article, the right of control and regulation may be carried to such an extent as to prohibit the sale of it.

3. License Fees—When May Not be Prohibitive.—When the police power can not be invoked to control or regulate the sale of an

article, and the authority to levy a tax upon its sale grows alone out of the right to impose license fees for revenue purposes, the tax can not be fixed at a prohibitive rate.

4. **Presumption in Favor of Ordinance.**—The presumption is always in favor of the legality and reasonableness of an ordinance enacted in pursuance of legislative authority; and when it is assailed upon the ground that it is illegal, unreasonable or oppressive, the person complaining should point out specifically in what respect it is unreasonable, unequal or oppressive as applied to the facts of the case relied upon by him.

5. **"Soft Drinks"—Definition of.**—"Soft drinks" include all non-intoxicating beverages, but are commonly understood to mean such beverages as contain a small per cent. of alcohol but not a sufficient quantity to produce intoxication when drunk in the largest practicable quantity. In this State the words are generally used in reference to beverages containing a small per cent. of alcohol that are sold in places where there was formerly sold intoxicating liquors, and may be said to have come into popular use with the abolition of the saloon.

L. L. PEACE and TYE & SILER for appellant.

R. S. ROSE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Jellico, a town of the sixth class, enacted an ordinance providing that:

"Any person or persons, or firms, or corporations, who shall engage in the business of selling soft drinks, shall pay a license tax to the town treasurer of the town of Jellico of fifty dollars per annum, payable quarterly."

The board of trustees also enacted another ordinance, imposing a fine of five dollars on each person, firm or corporation guilty of a violation of this ordinance.

In pursuance of the authority conferred by these ordinances, the police judge of Jellico issued three warrants against the appellant, who was engaged in the business of selling "soft drinks" in connection with a restaurant conducted by him, charging him with its violation. While these prosecutions were pending before the police judge, and before there had been a trial, the appellant brought this suit in the circuit court against the police judge seeking to prohibit him from imposing the fine authorized by the ordinance, upon the ground that the business he was engaged in was useful and legitimate and that the ordinance imposing the license fee was

unreasonable, arbitrary and oppressive, and upon the further ground that no appeal would lie from the judgment of the police judge assessing a fine of five dollars. The ordinance is also assailed upon the ground that it does not specify the purpose for which the license fee is levied.

The words "soft drinks" are not defined by statute or by the ordinance, but in recent years they have come to have a well-known and popular use in this State, and are commonly understood to mean non-intoxicating beverages that are sold in places where there was formerly sold intoxicating liquors, and may be said to have come into use with the abolition of the bar room and other places where liquor was sold by licensed dealers. While including lemonade, soda water, mineral waters and other innocent and harmless beverages that are and have been for years sold all over the country, they are generally used in reference to "malt mead," "near beer" and other alcoholic decoctions, invented to take the place of intoxicating drinks. "Soft drinks" that contain any per cent of alcohol are regarded as hurtful to the morals and health of the community, and their sale might well come within the control and regulation of the police power. But such "soft drinks" as lemonade, soda water, and mineral waters that are pure and wholesome, and contain no alcohol, are not detrimental to the public good and their sale does not need police regulation or control. A municipality under its right of classification for revenue or police purposes might well impose one license fee for the sale of drinks that contain any per cent of alcohol, and a different license fee for the sale of those that contain no alcohol whatever. It might further classify by their names beverages that do or do not contain alcohol, and exact for the sale of each class a different fee. In short, the right of classification and the corresponding right to impose the same or a different tax may be exercised whenever the classification can be made upon a reasonable basis. To what extent this power might be carried, it is not necessary to a decision of the question before us to determine. It is sufficient to say that the right of classification confers the authority to fix a higher license fee for one class of beverages than another and what would be a reasonable license tax for one class might be unreasonable for another. To illustrate, a license of fifty dollars, or one hundred dollars,

or more, for the sale of "soft drinks" like "next to beer" that contains any quantity or per cent of alcohol might be reasonable; while the same tax upon the sale of "soft drinks," such as lemonade that contains no alcohol, might be unreasonable. It might be arbitrary and oppressive to fix the license fee for selling useful and pure mineral or healthgiving waters at a sum that would virtually prohibit their sale, when it would not be arbitrary or oppressive to fix a license fee at a prohibitive figure for the sale of beverages that are not wholesome or necessary. If appellant was selling one class of "soft drinks," the tax would not be so unreasonable or oppressive as to warrant us in interfering. If he was selling another kind, then it might or might not be. Having this view of the law, we are not prepared to say that the tax was unreasonable or arbitrary. If appellant was only engaged in the sale of lemonade or like useful and innocent beverages, he should have so stated in his petition, and then we could deal with the precise case that the appellant had. His objection to the ordinance should have been more specific.

In Wells v. Town of Mt. Olivet, 126 Ky., 131, we said:

"When an ordinance is assailed upon the ground that it is illegal, unfair, unreasonable or oppressive, the person complaining will ordinarily be required to point out specifically in what respects the ordinance is unreasonable, unequal or oppressive, as applied to the facts of the case relied on by him. An ordinance general in its scope my be adjudged reasonable as applied to one state of facts, and unreasonable when applied to circumstances of a different character. In recognition of these general rules, it is necessary that the plaintiff shall make out a clear case to authorize the court to interfere with the police powers of a municipal corporation when exercised in the enactment of ordinances. * * * When the aid of the court is invoked to declare a municipal ordinance void, it must clearly appear that it is inherently violative of the law or some of the well-settled principles that are generally recognized as limitations upon the power of municipalities in the enactment of ordinances, or, if the ordinance is not inherently defective as coming within these inhibitions, then the person attacking it must affirmatively show that as applied to him it is unreasonable, unfair, or oppressive."

When the police power can be invoked as authority for a municipal corporation to control and regulate the sale of an article, it may, if not forbidden by the statute, carry the right of control and regulation to such an extent as to prohibit the sale of it. Town of Pikeville v. Huffman, 112 Ky., 360; Commonwealth v. Payne Medicine Co., 138 Ky., 164. But when the police power cannot be invoked to control or regulate the sale of an article, and the authority to levy a tax upon its sale grows alone out of the right of the municipality to impose license fees for revenue purposes, the tax cannot be fixed at a prohibitive rate. Fiscal Court Owen County v. F. & A. Cox Co., 132 Ky., 738; Hager vs. Walker, 128 Ky., 1; City of Louisville v. Pooley, 136 Ky., 286. It should, however, always be kept in mind that the courts are reluctant to interfere with the discretion vested in municipalities in respect to the amount of the license fee that may be demanded for the sale of an article. The power to levy these license taxes is conferred by the statute, and should not be interfered with unless it is abused to such an extent as would warrant the courts in saying that it was arbitrary, unreasonable and oppressive. The presumption is always in favor of the legality and reasonableness of the action of the municipality in pursuance of authority conferred by the statute. The ordinance in question is not on its face oppressive or unreasonable, and there is nothing in the record to advise us that it is. As the appellant does not inform us what kind of "soft drinks" he was selling, the presumption is he was selling that character that authorized the town to impose the license tax it did. The fact that the ordinance does not specify the purpose for which the licence tax was imposed does not render it invalid. The statute creating sixth class towns does not provide that license ordinances shall specify the purpose for which the tax may be used. Shughars, Police Judge, v. Hamilton, 122 Ky., 606.

Wherefore the judgment dismissing the petition is affirmed.