### MONROE CIDER VINEGAR & FRUIT CO. v. RIORDAN, Late Collector of Internal Revenue.

(District Court, W. D. New York. July 2, 1921.)

No. 2020.

1. **Internal revenue ☞11—Sweet cider a "soft drink."**

The term "soft drinks," as used in Revenue Act 1918, § 628(a) (Comp. St. Ann. Supp. 1919, § 6161½d[a]), imposing a tax on "unfermented grape juice, ginger ale, * * * and other soft drinks," *held* to include sweet cider.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Soft Drinks.]

2. **Internal revenue ☞11—Sale price of soft drinks includes containers.**

Revenue Act 1918, § 628a (Comp. St. Ann. Supp. 1919, § 6161½d[a]), imposing on soft drinks "sold by the manufacturer, producer or importer in bottles or other closed containers a tax equivalent to 10 per centum of the price for which so sold," *held* to authorize assessment of the tax on the price received for the beverage and containers.

3. **Words and phrases—"Cider;" "hard cider;" "sweet cider."**

"Cider" is the juice of apples, either before or after fermentation; "hard cider" being fermented cider, a strong, spirituous, and intoxicat-

ing drink. while· "sweet cider" is either unfermented juice, or juice the fermentation of which has been prevented.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cider.]

At Law.   Action by the Monroe Cider Vinegar & Fruit Company against Vincent H. Riordan, late Collector of Internal Revenue.   Judgment for defendant.                          •

William W. Armstrong, of Rochester, N. Y., for plaintiff.

Stephen T. Lockwood, U. S. Atty., and Edward N. Mills, Asst. U. S. Atty., both of Buffalo, N. Y. (Carl A. Mapes, Solicitor of Internal Revenue, of Washington, D. C., and Russell N. Shaw, of Washington, D. C., Atty. Treasury Department, of counsel), for defendant.

HAZEL, District Judge.   [1] This is an action at law against the collector of internal revenue to recover $386.22, representing beverage taxes assessed under section 628 (a) of the act of Congress passed February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6161½d), and paid by plaintiff corporation under protest.   The material allegations of the complaint are admitted, and it is urged that the tax assessed was collected without authority of law, in that sweet cider, the beverage in question, was not taxable as a soft drink or otherwise, and further, that the sale price, including the container, was not taxable.   The Revenue Act in question, subdivision (a), provided as follows:

"Upon all unfermented grape juice, ginger ale, root beer, sarsaparilla, pop, artificial mineral waters (carbonated or not carbonated), other carbonated waters or beverages, and other soft drinks, sold by the manufacturer, producer, or importer, in bottles or other closed containers, a tax equivalent to 10 per centum of the price for which so sold. * * * "

In the earlier Act of October 3, 1917 (Comp. St. 1918, § 6161½a, subd. [b]), omitting nonessential parts, it was provided:

"Upon * * * soft drinks * * * sold * * * in bottles or other closed containers, * * * a tax of one cent per gallon."

The departmental regulations (article 13) relating to the taxation of soft drinks and other beverages sold in bottles or closed containers states that the term "other soft drinks" includes apple juice, loganberry juice, lime fruit juice, and other fruit juices sold as beverages, etc.

[3] The provision under which the tax in controversy was assessed does not in words include cider or sweet cider, and hence the question is whether sweet cider is taxable as a soft drink.   It is commonly understood that cider is the juice of apples, either before or after fermentation; hard cider being fermented cider, a concededly strong, spirituous, and intoxicating drink, while sweet cider is either unfermented, or fermentation has been prevented.   It was held a number of years ago in Eureka Vinegar Co. v. Gazette Printing Co., 35 Fed. 570, that the terms "sweet cider" and "hard cider" are in popular use to distinguish between the juices of the apple before and after fermentation; that the juice of the apple before fermentation is apple juice pure and simple, and becomes cider by fermentation only.

Sweet cider is commonly understood to be a soft drink, and as drinks of that description are specifically taxed, the assessment in question in

274 F.—47

my opinion, was in contemplation of the act. In enacting the law Congress had in mind the essential distinction between hard and soft cider, and the comprehensive term "soft drinks" was used to include it and other soft drink beverages fairly and reasonably coming within that classification. It is not conceivable that the law-making power intended to exclude sweet cider, which has less than one-half of 1 per centum of alcohol, from taxation, and to tax other soft drinks which also have hardly any alcoholic content. In Bradford v. Jones, 142 Ky. 820, 135 S. W. 290, the words "soft drinks" were held to mean nonintoxicating beverages, and the court took judicial notice of the fact that such beverages were sold in places where there were formerly sold intoxicating liquors. Such has become the common understanding, and therefore the language of the statute must be taken in the sense in which it will be understood by the public. U. S. v. Isham, 17 Wall. 496, 21 L. Ed. 728; Brown v. Piper, 91 U. S. 42, 23 L. Ed. 200. Giving effect to the rules of construction enunciated in these adjudications requires me to hold that the words "other soft drinks," as used in the statute, clearly include for taxation the beverage sweet cider. There is no ambiguity in the term, and its meaning is plain, when we adhere to the common understanding. The doctrine of noscitur a sociis, or ejusdem generis, urged by plaintiff, need not be called upon to assist in interpreting the statute, in view of the apparent intent with which the term was used in the statute.

[2] The basis for computing the amount of the tax was the price of the beverage and container, and plaintiff challenges the same. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, has the right to make reasonable rules and regulations to enforce the acts of Congress with reference to the assessment and collection of internal revenue. If such rules and regulations are not in conflict with the expressed will of Congress, they have the force and effect of law (Maryland Casualty Co. v. U. S., 251 U. S. 342, 40 Sup. Ct. 155, 64 L. Ed. 297), and judicial notice will be taken of them. The language of section 628 (a)—i. e., "and other soft drinks, sold * * * in bottles or other closed containers, a tax equivalent to 10 percentum of the price for which so sold"—seems to me to be in thorough harmony with the letter of the statute, and Congress authorized and intended the assessment of a tax on the sale price of the beverage, since the selling price evidently comprises the amount paid by the customer for the beverage and container. Should the purchaser, however, return the container to the vendor, receiving a refund on the price paid, the regulation affords ample protection to the vendor from the payment of a double tax, by giving him credit therefor in the monthly return required to be filed by him. It is not unreasonable that the tax should attach when the beverage is actually sold, since the sales price includes the container. That such was the intention of Congress is quite apparent upon comparing the Revenue Acts of 1917 and 1918. The former authorized levying a tax of one cent per gallon "upon * * * drinks * * * containing less than one-half of 1 per centum of alcohol sold * * * in bottles or other closed containers," while the latter, instead of levying a tax of one cent a gallon,

authorizes a levy equivalent to 10 per cent. of the price for which the beverage is sold.

My conclusion upon the question submitted is, first, that sweet cider, within the intendment of Congress, was and is a soft drink, a beverage specified under section 628 (a) of the Revenue Act of 1918, and the assessment of tax thereon by the collector was lawful; and, second, that such tax is payable upon the sales price of the beverage and the container.

The complaint does not state facts sufficient to constitute a cause of action and accordingly a judgment may be rendered for the defendant.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes