CASE 12—ACTION TO RECOVER TAXES—MAY 31.

# Town of Springfield v. Peoples Deposit Bank.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  AFFIRMED.

MUNICIPAL TAXATION—VALIDITY OF LEVY—IRREGULAR MEETING OF BOARD OF TRUSTEES—ASSESSMENT BY UNAUTHORIZED PERSON—FAILURE TO APPOINT BOARD OF EQUALIZATION.

Held.  1. A levy made by the board of trustees of a town of the sixth class, at a special session called by the clerk of the board at the place of business of one of its members, which was not the usual meeting place, was void.

2. An assessment made by one of the trustees of a town by permission of his associates, when he had not been elected and had not qualified as assessor, was void, especially as no board of equalization was appointed to pass upon complaints of taxpayers.

J. H. THURMAN AND J. W. S. CLEMENTS, FOR APPELLANTS.

Defendant's lot and building, situated in the town of Springfield, a city of the sixth class, was assessed by plaintiff's regularly appointed and qualified assessor between the 15th of September and the 15th of November, 1893, and the value thereof fixed at $3,800, and same was certified by the town clerk and placed upon said clerk's tax list for that year and delivered by the trustees of said town to J. J. Grace, the marshal of said town for collection for the year 1894. The State board of valuation and assessment assessed the defendant's franchise for the year 1894 at $47,609.01, and same was duly certified by the State auditor to the clerk of Washington county, and duly certified by said clerk to said marshal.

On February 15, 1884, the board of trustees of Springfield passed the following ordinance or resolution:

"Ordered that the levy for town taxes for the year 1894 be forty cents on each $100 of property in said town, and $1 poll tax for town purposes.

Because of an oversight this order was not signed by R. B. Curry, chairman *pro tem*, until February 28, 1898, as shown by exhibit "z."

The marshal demanded the taxes from appellee on its real

estate and on its franchise, and it refused to pay either or any part of either. 'Then, by order of the trustees, the lists were returned to them and this suit was instituted.

The questions raised by counsel for appellee in the lower court are as follows:

1. Has appellant the right to maintain an action of this sort to collect the taxes due it from appellee and to enforce its lien upon appellee's property?

2. Is appellant's right to enforce its lien for these taxes *res judicata* under decisions of this court?

3. Has appellant a lien upon appellee's real estate for all tax due, or for that due only on the real estate?

4. Is the order or resolution, whichever it may be termed, sufficient to authorize the collection of the tax sued for herein?

5. The appellee claims that no demand was made for the tax before suit. This we deny, and we claim that no demand was necessary.

6. Appellee's final contention was that it had already, under the "Hewitt Bill" paid to the State seventy-five cents on each $100 of the valuation of its property for the year 1894, and therefore it ought not to be required to pay county or municipal taxes. We think under the law we are entitled to a reversal.

## AUTHORITIES CITED.

Ky. Statutes, secs. 2740, 4077, 4084, 4091, 4092, 3677, 3675, 3703, 2980, 3704, 3702; Deposit Bank Owensboro, &c., v. Daviess County, 19 Ky. Law Rep., 248; Citizens Bank Shelbyville v. City of Shelbyville, &c., 19 Ky. Law Rep., 247; Con. of Ky., sec. 166; Locke v. Com. by, &c., 15 Ky. Law Rep., 840; Holxhauser v. City Newport, 94 Ky., 403; Trimble v. Breckinridge, 4 Bibb., 479; 4 Bibb., 22; Armstrong v. Easten, 3 Mar., 68; Harper v. L. & O. R. R., 2 Dana, 227; Newton v. Prather, 1 Duvall, 103; Malone v. Samuel, 3 Mar., 350; Mason v. Anderson, 3 Mon., 294; Graham v. Lyon, 4 B. Mon., 18.

W. C. McCHORD, FOR APPELLEES.

As grounds for the affirmance of the judgment appealed from we contend:

1. That the petition does not state a cause of action.

2. That there has never been an ordinance making a levy on the property of defendant or on the property of any citizen in the town for the year 1894; nor has there been any assessment for that year.

3. If the petition states a cause of action and the tax sued for has been properly assessed and levied, appellee paid to the State in

Town of Springfield v. Peoples Deposit Bank.

1895 seventy-five cents on each $100 of its property and franchise which it was required to do under the construction of the law by this court applicable to this case.

"In the absence of express legislative atuhority taxes cannot be recovered by suit." Baldwin v. Hewitt, Auditor, 88 Ky., 673; and we contend that section 3677, Kentucky Statutes, does not confer such authority.

There can be no authority to collect taxes until there has been a valid assessment and levy, and we contend there has been neither in this case.

The order or resolution passed by the board of trustees, February 15 or July 15, 1894, is not an ordinance, and was not signed by the *pro tem* chairman of the board until since this suit was brought and four years after he had gone out of office and an entire new board of trustees were in office.

### AUTHORITIES CITED.

Constitution of Ky., sec. 62; Ky. Stats., secs. 162, 163, 3696, 3700, 3677, 4091; Charter of the city of Louisville, Ky., sec. 5; Baldwin v. Hewitt, Auditor, 88 Ky., 673; Lou. Water Co. v. Com., 89 Ky., 249; Johnson v. Louisville, 11 Bush, 527; McLean County v. Deposit Bank, 81 Ky., 254; Geer v. City Covington, 83 Ky., 411; Cooley on Taxation, 324, 352, 353, 354; Cooley's Con. Lim., 189, 190, 235; City Richmond v. Gibson, 20 Ky. Law Rep., 359; Ormsby v. City Louisville, 79 Ky., 199; Slaughter v. City Louisville 98 Ky., 117; Com. v. L. & N. R. R. Co., 17 Ky. Law Rep., 991; Franklin County Court v. L & N. R. R. Co., 84 Ky., 59; City of Somerset v. Somerset Banking Co., 22 Ky. Law Rep., 1132.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant, town of Springfield, Ky., is a town of the sixth class, and brings this suit against appellee to recover taxes alleged to have been assessed against its property, in common with other property in that town, for the year 1894. It appears that those acting as members of the board of trustees had failed to provide a regular place of meeting of the board, and had been in the habit of meeting at the law office of Mr. Thurman, their legal adviser. On the 15th day of February they met in special session at the saloon of one Green, who was a member of

the board of trustees, having been called into that extra session by the clerk of the board. The chairman of the board was not present; whereupon R. B. Curry, one of its members, was chosen president, *pro tem.* The board, as then constituted, passed the following order: "February 15, 1894. At a meeting of the board of trustees held at the saloon of John F. Green, in said town, there were present R. B. Curry, John F. Green, and Robert Noe. A. C. Cunningham, the chairman, not being present, R. B. Curry was elected chairman *pro tem.* Ordered that the levy for town taxes for the year 1894 be 40 cents on each $100.00 of property in said town, and one dollar poll tax for town purposes. The meeting then adjourned." One of the trustees, by permission of his associates, undertook to and did assess the property of the town for the fiscal year, but without being elected or qualified as assessor. Nor was a board of equalization appointed after the assessments to pass upon complaints of taxpayers. Other objections were urged to the levy and attempted collection by appellant, but the foregoing we deem sufficient to notice.

The circuit court adjudged the levy and assessments insufficient, and we think correctly so. The place and manner of the meeting at which the levy ordinance was adopted was not in conformity to law, nor was the assessment. On this last point, Judge Cooley, in his work on Taxation, says (pages 352-354): "Necessity for Assessment. An assessment, when taxes are to be levied upon a valuation, is obviously indispensable. It is required as the first step in the proceedings against individual subjects of taxation, and is the foundation of all which follows it. Without an assessment they have no support, and are nullities. The assessment is therefore the most impor-

Town of Springfield v. Peoples Deposit Bank.

tant of all the proceedings in taxation, and the provisions to insure its accomplishing its office are commonly very full and particular.    The assessment being so important, the statutory provisions respecting its preparation and contents ought to be observed with particularity.    They are prescribed in order to secure equality and uniformity in the contributions which are demanded for the public service, and if its officers, instead of observing them, may substitute a discretion of their own, the most important security which has been devised for the protection of the citizens in tax cases might be rendered valueless.    The assessment must, therefore, be made by the proper officers, or it will be void; and if a board of review, which has the power to appoint the assessors, and afterwards to review their work, should appoint any of their own members to that office, the appointment would be void, and the assessment made by the appointees illegal.    So the assessment will be void if the assessors delegate the office of making it to a clerk."    The important and sovereign power of levying taxes against the citizens' property, while an essential act of government, must be attended with that circumspection of care and manner that will insure publicity, certainty, and legality of the act done.    Such loose methods as shown in this case, if tolerated, would practically leave the property of the citizens subject to seizure and appropriation at the will and upon the act of a mere caucus of a town council; that is, at a casual meeting of a majority of its members, at any place within the town, and at which their constituents would have no opportunity to be present, and by that potent influence, or legitimate representation, have their views and interests directly considered.    It was to prevent such evils that the present statutes on this subject were enacted.    The judgment of the circuit court is affirmed.