CASE 18.—ACTION BY R. D. WELLS AGAINST THE TOWN OF MT. OLIVET, TO TEST THE VALIDITY OF AN ORDINANCE.—June 13-

# Wells v. Town of Mt. Olivet

Appeal from Robertson Circuit Court.

L. P. FRYER, Circuit Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

1. Municipal Corporations—Police Power—Regulating Hitching of Horses in Streets.—A town has a right, in the exercise of its police power, to pass an ordinance forbidding persons from leaving horses hitched or unhitched in the streets or alleys of the town.

2. Same—City Council—Place of Meeting—Failure to Designate by Ordinance.—Ky. Stats., 1903, Sec. 3696, provides that "all meetings shall be held within the corporate limits of the town at such place as may be designated by ordinance, and shall be public." Held that, where the trustees had not adopted an ordinance fixing a place of meeting, the members might assemble at some convenient and accessible place within the corporate limits of the town.

3. Same—Governmental Powers—Discretion as to Exercise.— Under the powers granted boards of trustees of towns of the sixth class by Ky. Stats, 1903, Sec. 3704, providing for the passage of ordinances, and police regulations, relating to the adoption of ordinances, and the courts will sustain them, unless it affirmatively appears that they are unreasonable or violative of the statutes or Constitution.

4. Same—Ordinances—Reasonableness.—Where an ordinance is

Wells v. Town of Mt. Olivet.

not inherently defective as violating the Constitution or stat-
utes, a person attacking it upon the ground that it is illegal,
unfair, unreasonable, or oppressive must affirmatively show
that as applied to him it is unreasonable, unfair, or oppres-
sive.

ROBERT BRICKLER and JOHN P. McCARTNEY for appel-
lant.

### AUTHORITIES CITED.

McGraw v. town of Marion, 98 Ky., 674, 683; Ky. Stats., sec.
3704, subsecs. 1, 7; Dillon on Municipal Corporations, 3d ed. p.
115; Anderson v. City of Wellington 10 Am. State Rep., 178; ex
parte Battie, 76 Am. State Rep., 709, 710-711; Vallo v. U. S. Ex-
press Co., 30 Am. State Rep., 742; Ky. Stats., sec. 3696.

HOLMES & ROSS for appellees.

### AUTHORITIES CITED.

Finis Rowe v. J. A. Reneer and G. W. McCarthy, opinion filed
Jan. 22, 1907; Ky. Stats., sec. 3704, subsecs. 1, 7; Gray, etc., v.
Henry County, 19 Ky. Law Rep., 885; State of New Jersey, Tren-
ton Horse R. Co. v. Inhabitants of the City of Trenton, 11 L. R. R.,
410; ex parte Battis, 76 Am. State Rep., 709; Magenua and Brun-
ner et al. v. City of Fremont, et al., 9 L. R. A., 786.

OPINION OF THE COURT BY JUDGE CARROLL—Affirm-
ing.

This litigation involves the validity of the follow-
ing ordinance: "An ordinance to prohibit the hitch-
ing of horses or the leaving of horses standing on
the streets or alleys of the town of Mt. Olivet, Ken-
tucky.—The board of trustees of the town of Mt.
Olivet ordain as follows: That any person who shall
hitch any horse or horses, or leave any horse or
horses standing, on any of the streets or alleys in
said town, shall be fined five dollars for each offense;
provided, however, that any person may hitch any

horse to the public hitching rack on the court-house square in said town.'' The appellant was fined and imprisoned for violating this ordinance by hitching his horse at a place in the town of Mt. Olivet other than the public hitching rack, and for the alleged illegal arrest and imprisonment sought to recover damages against the town.

The ordinance is assailed upon the ground that it is illegal, unreasonable, oppressive, and in violation of and beyond the powers vested in the trustees by the provisions of the Kentucky Statutes relating to towns of the sixth class; and because it was not enacted at a time or place or in the manner provided in the statute. The validity of that part of the ordinance prohibiting the leaving of any horse or horses standing on the streets or alleys of the town is not drawn in question; indeed, could it well be, as it is clearly competent for municipal authorities to forbid persons from leaving horses standing in the streets unhitched and unattended. This question was before this court in Rowe v. Reneer, 99 S. W. 250, 30 Ky. Law Rep. 545, and it was there held that such an ordinance was not unreasonable or oppressive, but, on the contrary, a salutary by-law, enacted for the purpose of protecting life and property from injury by runaway horses. And, in our opinion, the entire ordinance is a valid exercise of the police powers granted to the town by the statute governing towns of this class. Nor is there anything in the record to justify the conclusion that it is invalid because not enacted in the manner provided by law. Hence the action of the lower court in sustaining a general demurrer to the petition was proper.

It is averred in the petition that the ordinance ''was not adopted as required by the laws governing towns

of the sixth class; that no ordinance had at the time of the passage of this ordinance ever been adopted by the board of trustees of Mt. Olivet fixing the time and place of the meetings of the said board of trustees, so that the public should have notice of the meeting.'' Ky. St. 1903, section 3696, provides in part that ''all meetings shall be held within the corporate limits of the town at such place as may be designated by ordinance and shall be public.'' Under this statute it has been held that, when the trustees have designated by ordinance the place at which meetings of the board shall be held, a meeting at another place, unless some good reason could be shown why it was not held at the regular place, would not be authorized under the statute, and the trustees at such meeting would have no power to enact ordinances for the government of the town. Shugars v. Hamilton, 122 Ky. 606, 92 S. W. 564, 29 Ky. Law Rep. 127; Town of Springfield v. People's Deposit Bank, 111 Ky. 105, 63 S. W. 271, 23 Ky. Law Rep. 519. But when the trustees have not adopted an ordinance fixing a place of meeting, the members may assemble at some convenient and accessible place within the corporate limits of the town. The mere fact that the trustees have not by ordinance provided a place of meeting will not in itself render invalid proceedings had in the usual way at a regular or called meeting, although a state of case might be presented that would warrant the court in holding that the legislation complained of was adopted at a place selected for the purpose of depriving the citizens of the town of the right to be present at meetings of the council. But we do not deem it necessary to further elaborate this point, as the only objection

urged is that the trustees had failed to provide by ordinance a place for meetings of the board.

Under the charter of towns of the sixth class, the board of trustees are authorized, by section 3704 of the Kentucky Statutes of 1903, "to pass ordinances not in conflict with the Constitution or laws of this Commonwealth or of the United States," and "to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to enact and enforce within the limits of such town all other local, police, sanitary and other regulations as do not conflict with the general laws." In the exercise of the powers granted, the board of trustees are invested with a large discretion, relating to the adoption of ordinances that in their judgment are necessary for the peace, quiet, good order, and safety of the residents of the town. The presumption being indulged that they do not exceed the authority granted, and to this end within the powers delegated by the charter and when no provision of the Constitution or statutory law is violated, it is necessary that municipal authorities should be allowed a large latitude in the governmental affairs of the city or town controlled by them for the time being. Although all cities and towns of the State are divided into six classes, and one general law governs each class, it is a matter of common knowledge that the conditions in the numerous towns, especially those in the sixth class, are very different, and to meet this varying and dissimilar state of affairs it is essential that the trustees should be permitted to enact ordinances suitable to the convenience and necessities of the people. In many instances an ordinance adapted to the needs of one town would be wholly inadequate and inapplicable to the wants of

another. For this reason, multitudes of ordinances dealing with the innumerable subjects of municipal government have been enacted; and the disposition of the courts is to sustain them unless it affirmatively appears that they are unequal, unfair, unreasonable, oppressive, or violative of the statute or Constitution. Hence, when an ordinance is assailed upon the ground that it is illegal, unfair, unreasonable, or oppressive, the person complaining will ordinarily be required to point out specifically in what respects the ordinance is unreasonable, unequal, or oppressive as applied to the facts of the case relied on by him. An ordinance general in its scope may be adjudged reasonable as applied to one state of facts, and unreasonable when applied to circumstances of a different character. In recognition of these general rules, it is necessary that the plaintiff shall make out a clear case to authorize the court to interfere with the police powers of a municipal corporation when exercised in the enactment of ordinances. McQuillin on Municipal Ordinances, sections 185, 186, 327. The reasons for this rule doubtless rest upon the theory that it is often difficult to decide as a general proposition, whether an ordinance is or not reasonable or oppressive; and this question can only be determined by applying it to the facts of a particular case. Thus, in the ordinance under consideration, we doubt if any one would dispute the authority of the town to prohibit the hitching of horses to shade trees, pumps, in public grounds, or at other places that might be an annoyance and inconvenience to the citizens of the town or an injury to its property or that of the citizen. On the other hand, the owner of a horse might properly hitch him for a few minutes in front of his premises, or in an alley or some other place

within the corporate limits that would not inflict any injury or annoyance upon his neighbors or the public generally. The petition does not disclose where or to what object appellant's horse was hitched. For aught that the petition discloses, it may have been to a shade tree, or a pump, or other object, where it would be manifestly improper to hitch horses, and reasonable to enact an ordinance prohibiting the hitching at such point or place. In the absence of an allegation pointing out the object or place at which the appellant's horse was hitched, the presumption will be indulged that it was some place or to some object that the municipal authorities had the right in the fair and reasonable performance of their duties to prohibit the hitching of horses.

Therefore we are unable to determine from the pleadings whether the ordinance was reasonable or oppressive or not, when applied to appellant in this particular case. When the aid of the court is invoked to declare a municipal ordinance void, it must clearly appear that it is inherently violative of the law or some of the well-settled principles that are generally recognized as limitations upon the power of municipalities in the enactment of ordinances, or, if the ordinance is not inherently defective as coming within these inhibitions, then the person attacking it must affirmatively show that as applied to him it is unreasonable, unfair, or oppressive. State Consolidated Traction Co. v. Elizabeth, 58 N. J. Law, 619, 34 Atl. 146, 32 L. R. A. 170.

The ordinance here assailed is not on its face invalid, and, as appellant has failed to point out in what respect it was unreasonable, unfair, or oppressive as to him, the judgment of the lower court must be affirmed.