Hamm, J.
This is a proceeding under article 78 of the Civil Practice Act to review a decision of the Commissioner of Education.
At an annual election held in May, 1955, the voters of Union Free School District No. 17 of the Town of Oyster Bay in Nas *497 san County determined that the number of members of the board of education of the district should be increased from five to seven. Subsequently on May 20, 1955, a special meeting was called for June 25, 1955, for the purpose of electing two additional members. At the election there were more than two candidates for each office and as a consequence it resulted that the additional members of the board were selected by a plurality; no candidate obtained a majority.
The petitioner herein appealed from the action at the special election to the Commissioner of Education. The Commissioner of Education dismissed the appeal, declaring the election by a plurality to have been in compliance with statute.
In his answer the commissioner raises the issue that the provisions of sections 310 and 2037 of the Education Law are a bar to this proceeding. While section 310 of the Education Law gives the commissioner the power to determine disputes concerning all matters under the Education Law and expressly states that his determination in such matters shall not be subject to “ question or review in any place or court whatever ’ ’, the courts have not held that this prevents a judicial review of an arbitrary or unlawful act on his part (Matter of Fabricius v. Graves, 254 App. Div. 19; Matter of Beam v. Wilson, 279 App. Div. 277). Section 2037 of the Education Law provides as to review: ‘ ‘ All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review.” However, it seems that this section also forecloses review only to the extent that review is limited in a case arising under section 310 (Matter of Colson v. Allen, 285 App. Div. 797, 798).
On May 20, 1955, when the time of the special election was fixed, paragraphs a, b and c of subdivision 7 of section 2034 of the Education Law provided:
“ a. Except as provided in paragraph c of this subdivision, the chairman shall declare to the meeting or election the result of each ballot, as announced to him by the inspectors of election, and the persons having the majority of votes, respectively, for the several offices shall be elected except as provided in paragraph b of this subdivision.
“ b. If the election is held on the Wednesday next following the day designated by law for holding the annual meeting pursuant to section two thousand thirteen of this chapter the chairman shall declare to the meeting or election the result of the ballot, as announced to him by the inspectors of election, and *498 the persons having a plurality of the votes, respectively, for the several offices shall be elected.
“ c. If the school district shall have been divided into election districts pursuant to section two thousand seventeen of this chapter the inspectors of election shall make a written report of the results of the ballot, signed by all such inspectors, to the chief inspector of election of each election district. The chief inspector of election of each election district shall within twenty-four hours file such written report with the clerk of the district. The board of education shall thereupon within twenty-four hours tabulate and declare the result of the ballot.”
By section 4 of chapter 430 of the Laws of 1955, effective June 1, 1955, paragraph b was amended by the addition of the words “ either separately on the day of the annual meeting or ”. Paragraph b now reads as follows: “ b. If the election is held either separately on the day of the annual meeting or on the Wednesday next following the day designated by law for holding the annual meeting pursuant to section two thousand thirteen of this chapter the chairman shall declare to the meeting or election the result of the ballot, as announced to him by the inspectors of election, and the persons having a plurality of the votes, respectively, for the several offices shall be elected.”
The statute is clear and unmistakable. The majority vote is mandatory except when the election is held “ either separately on the day of the annual meeting or on the Wednesday next following the day designated by law for holding the annual meeting ”. The respondent cites the following quotation from a previous decision of this court in Matter of Burns v. Wilson (1 Misc 2d 491): “ ‘ “ It is always presumed, in regard to a statute,” we have said (Matter of Meyer, 209 N. Y. 386, 389), “ that no unjust or unreasonable result was intended by the legislature.” And, where adherence to the statute’s letter produces such a result, it is settled that “ To effect the intention of the legislature the words of a single provision may be enlarged or restrained in their meaning and operation, and language general in expression may be subjected to exceptions through implication.” (209 N. Y., at pp. 389-390; see Surace v. Danna, 248 N. Y. 18, 21; People v. Santoro, 229 N. Y. 277, 281-282.) ’ (Matter of United Press Assns. v. Valente, 308 N. Y. 71, 83-84.)”
However, giving to the statute in this case its plain and perspicuous meaning effects no result in any way unjust or unreasonable. It has also been held that “ if the language is unambiguous, the words plain and clear, conveying a distinct idea, there is no occasion to resort to other means of interpretation.” *499 (Settle v. Van Evrea, 49 N. Y. 280, 281.) There is nothing ambiguous in the wording of the statute here under consideration. ‘ ‘ Its words and meaning on its face seem clear. The idea of the Legislature is not in doubt and its meaning and effect cannot be extended by conjecture or implication.” (Town of Putnam Valley v. Slutzky, 283 N. Y. 334, 343.)
As the purported election of the new members by plurality was nugatory and invalid, the commissioner was without power to hold the election operative and effectual (Matter of Boss v. Wilson, 308 N. Y. 605) and his decision was not lawful and hence arbitrary.
The decision and determination of the commissioner are annulled.
Submit order on three days’ notice.