**BOARD OF EDUCATION OF McCREARY COUNTY, Kentucky, et al., Appellants,**

v.

**Ralph W. NEVELS, Superintendent, etc., et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1977.

Discretionary Review Denied June 8, 1977.

Robert L. Wilson, Jamestown, for appellees.

Brown, Sledd & McCann, Lexington, for appellants.

Before GANT, HOWERTON and PARK, JJ.

PARK, Judge.

This appeal is the latest in a series of battles over the office of superintendent of the McCreary County Schools which have been fought since the decision in *Bell v. Board of Education of McCreary County*, Ky., 450 S.W.2d 229 (1970). A rather detailed chronology of events since that decision is necessary to an understanding of the issues raised by this appeal.

In November, 1972, an election was held for three of the five positions on the McCreary County Board of Education. The election was for four year terms which would have run from the first Monday in January, 1973, until the first Monday in January, 1977. On February 1, 1973, the appellee, Ralph W. Nevels, was granted a contract as school superintendent for a term ending June 30, 1976. On January 23, 1975, a judgment was entered by the McCreary Circuit Court declaring the election of November 1972 to be null and void because of flagrant violations of the election laws.

In November 1975 a special election was held to fill the vacancies created by the invalidation of the 1972 election. Nevels was the main issue in this campaign. At the election held November 4, 1975, two anti-Nevels candidates, Jimmy V. Neal and J. W. Perry, were elected. In addition, one pro-Nevels candidate, Vina Brown, was certified as having defeated the anti-Nevels candidate, Roger Worley. This resulted in an apparent pro-Nevels majority of three to two on the school board. However, on November 13, 1975, Worley filed an action in the McCreary Circuit Court challenging the election of Vina Brown.

On December 5, 1975, a special meeting of the McCreary County Board of Educa-

tion was held. This meeting must be discussed in detail, but at this point it is sufficient to say that the board purported to grant Nevels a new four year contract commencing July 1, 1976, and ending June 30, 1980. On January 4, 1976, a judgment was entered by the McCreary Circuit Court setting aside the election of Brown, and declaring Worley the winner. This judgment was appealed. While the appeal was pending, another special meeting of the board of education was held on January 21, 1976, at which time Nevels was elected secretary of the board of education for a four year term to begin July 1, 1976, and to extend to June 30, 1980. On February 6, 1976, the mandate of the Supreme Court issued affirming the judgment of the circuit court declaring Worley to be the winner of the election. This left the anti-Nevels forces with a three to two majority on the school board.

On February 12, 1976, Worley took his place on the board, and the board voted to rescind the new contracts granted to Nevels at the December 5 and January 21 meetings. On March 11 and May 12, 1976, the board attempted to grant the appellant, Phillip Carter, a contract as school superintendent for a three year term commencing July 1, 1976, and ending June 30, 1979. The board did not fix a salary for Carter. On June 25, 1976, Nevels and the two remaining pro-Nevels members of the board, W. R. Davis and Judson S. Harmon, Sr., filed a declaratory judgment action in the McCreary Circuit Court against the board of education, the three anti-Nevels members, and Carter. On August 19, 1976, a judgment was entered by the McCreary Circuit Court upholding the validity of the contracts granted December 5, 1975, and January 21, 1976, to Nevels for the office of superintendent and secretary for the term ending June 30, 1980. The judgment also held that the subsequent attempts by the board to revoke the contracts were invalid and that the attempted appointment of Carter as superintendent was null and void.

On August 31, 1976, the board, the three anti-Nevels members, and Carter appealed from the judgment of the McCreary Circuit Court. While this appeal was pending, an election was held for the three seats on the board of education whose terms expired the first Monday of January, 1977. At that election, two of the three anti-Nevels members were defeated. As now constituted, the board of education has a four to one pro-Nevels majority. Based upon a resolution adopted by the board of education on January 12, 1977, the board of education, as now constituted, seeks to dismiss the appeal.

## QUESTIONS PRESENTED

In determining the validity of the various acts of the McCreary County School Board with respect to the office of school superintendent and secretary to the school board, essentially five issues are raised: (1) In December, 1975, did the McCreary County School Board have the power to appoint a school superintendent for a term commencing July 1, 1976? (2) Was the meeting of December 5, 1975, invalid because of inadequate notice? (3) Can the votes cast by Vina Brown as a de facto officer during the pendency of the action challenging her election be counted in determining whether Ralph W. Nevels was legally appointed school superintendent and secretary of the school board? (4) Not counting the vote of Vina Brown, was Ralph W. Nevels lawfully appointed school superintendent at the meeting of December 5, 1975? (5) Not counting the vote of Vina Brown, was Ralph W. Nevels lawfully appointed secretary of the school board at the meeting of January 21, 1976?

Other issues are raised by the parties but it is not necessary to reach those issues in light of our disposition of the questions enumerated.

## POWER OF SCHOOL BOARD TO APPOINT SCHOOL SUPERINTENDENT IN DECEMBER 1975 FOR TERM COMMENCING JULY 1, 1976

▉ The term of Ralph W. Nevels as school superintendent was scheduled to ex-

pire on June 30, 1976. The pro-Nevels school board members, Harmon and Davis, had been duly elected in 1974 for four year terms extending through December 1978. The election of November 4, 1975, was held for the purpose of filling three unexpired terms on the school board created by the invalidation of the 1972 election. The three persons elected in November 1975 were to serve out the balance of the four year terms which commenced in January 1973 and which were to extend through December 1976. Thus, all five terms of the McCreary County School Board would have extended beyond the expiration of Nevels' term as school superintendent on June 30, 1976. It has long been the rule in Kentucky that there can be a valid appointment to an office in advance of the time the vacancy actually occurs. Prospective appointments to office are generally deemed to be valid. Only one exception exists to that rule. If the term of the appointing body or officer will expire prior to the time that the vacancy will occur, then no power of prospective appointment exists. *Maynard v. Allen*, 276 Ky. 485, 124 S.W.2d 765 (1939); *Board of Education of Boyle County v. McChesney*, 235 Ky. 692, 32 S.W.2d 26 (1930); *Dixon v. Caudill*, 143 Ky. 623, 136 S.W. 1043 (1911). Furthermore, there may be changes in the membership on the board. In holding that a prospective appointment of a school superintendent must be made by the same board that would be authorized to act when the vacancy actually occurred, the court in *Maynard v. Allen, supra*, stated:

"This does not mean that the personnel of the board must remain the same, but that the terms of the members in office at the time the appointment is made must extend beyond the date when the term of the appointed officer begins." 124 S.W.2d, at 768.

In the present case, the term of no member of the school board was scheduled to expire prior to the expiration of Nevels' old contract on June 30, 1976.

At one time, there was a statutory prohibition against appointing the school superintendent prior to April 1 of the year in which his term was to begin. However, that statute was repealed, and in *Maynard v. Allen, supra*, the court held that there was no prohibition against the appointment of a school superintendent prior to the first day of April. In support of the argument that a school superintendent cannot be appointed prior to January 1 of the year in which his term begins, the appellants rely on a single sentence from the opinion in *Maynard v. Allen*:

"* * * a county superintendent of schools may be appointed prior to the first day of April *in the year in which his term begins*, provided that the appointment is made by the same board that is authorized to act when the vacancy actually occurs." 124 S.W.2d at 768 (Emphasis added).

The appellant's argument would, in effect, re-write that portion of the opinion to read:

"A county superintendent of schools may be appointed prior to the first day of April *but only* in the year in which his term begins."

This court does not accept such a strained construction of the opinion in *Maynard v. Allen*. The phrase "in the year in which his term begins" modifies the "first day of April" rather than the power of appointment. Prior to the decision in *Maynard v. Allen*, it was not clear whether an appointment could be made prior to the first day of April in the year in which the superintendent's term began. The court was doing no more than holding that a board of education need not wait until the first day of April before making the appointment.

■ The circuit court did not err in holding that the board of education could appoint a school superintendent prior to the first day of January. There is nothing in the statute authorizing the appointment of a school superintendent, KRS 160.350, which would justify such a limitation on the authority of the school board. Perhaps there should be such a limitation on school boards, but any such limitation should be by legislative rather than judicial amendment.

## VALIDITY OF NOTICE OF DECEMBER 5, 1975, MEETING

 The school board attempted to grant Ralph W. Nevels a new contract at a special meeting of the board held on December 5, 1975. The notice to the board members from the chairman states:

"The purpose of this meeting will be to review preliminary plans of the new school (our architect will have a representative here), enter into agreement with the State Department of Education to purchase new school buses, employ personnel and to consider any other business that may properly come before us."

Respecting special meetings, KRS 160.-270(1) provides:

"Each member of the board shall have timely notice of each meeting and the nature, object and purpose for which it is called."

All five members of the board appeared at the meeting of December 5, 1975, including the three who had been certified as winners in the November election. When there has not been legal notice of a special meeting of the school board, the action taken at the special meeting is invalid *if* one of the members of the board is absent. *Brown v. Turman*, 264 Ky. 407, 94 S.W.2d 1010 (1936). When all of the members of the board are present and have an opportunity to participate in all of the actions taken at the special meeting, the validity of the action taken at the special meeting is not affected by the form of the notice. cf. *Tandy & Fairleigh Tobacco Co. v. City of Hopkinsville*, 174 Ky. 189, 192 S.W. 46 (1917). The records of the meeting of December 5, 1975, do not reflect that any objection was made to the notice of the special meeting or that any objection was made to any action taken at the meeting on the grounds that it was not included within the notice. This court concludes that the action taken at the December 5, 1975, special meeting was not invalidated because of the form of the notice of the meeting.

## MAY THE VOTES OF A DE FACTO OFFICER BE COUNTED IN DETERMINING WHETHER NEVELS WAS VALIDLY APPOINTED SCHOOL SUPERINTENDENT AND SECRETARY TO THE SCHOOL BOARD?

At the special meeting held on December 5, 1975, the school board purportedly appointed Nevels to a new term as school superintendent commencing July 1, 1976. Prior to the meeting of December 5, Vina Brown had been certified as the winner of the November 4 election and she had taken all steps necessary to qualify as a school board member. However, there was then pending in the McCreary Circuit Court an action by Roger Worley challenging her election. On January 21, 1976, the school board purportedly appointed Nevels as its secretary for a four year term commencing July 1, 1976. Prior to the special meeting of January 21, 1976, the circuit court had entered a judgment declaring Worley to be the winner of the election. However, the case was on appeal, and the mandate affirming the judgment declaring Worley the winner was not issued by the Supreme Court until February 6, 1976.

 The circuit court held that Vina Brown was a de facto officer at the time of the two special meetings. The election commissioners had certified that Vina Brown had been elected. She took the oath of office and assumed all of the responsibilities of that office. Until the certification of her election was finally set aside, she was entitled to retain possession and perform the duties of a school board member without interference. *Petrey v. City of Hazard*, Ky., 346 S.W.2d 534 (1961); *Powers v. Commonwealth*, 110 Ky. 386, 22 Ky.L.Rptr. 1807, 61 S.W. 735, 53 L.R.A. 245 (1901). However, the question is not whether she was a de facto officer, the question presented is whether a de jure officer can be appointed by a de facto officer.

In holding that the vote of Vina Brown, as a de facto officer, should be counted, the circuit court relied on the decision in *Commonwealth ex rel. Breckinridge v. Win-*

stead, Ky., 430 S.W.2d 647 (1968). In that case, *quo warranto* proceedings were instituted for the ouster of certain members of the Crittenden County Board of Education. While the proceedings were pending, the movants sought a temporary injunction to prevent the school board members from participating in the appointment of a school superintendent. In overruling the motion for temporary injunction, the Court of Appeals held that "in the absence of extraordinary circumstances" an officer should not be enjoined from performing his duties pending the outcome of an ouster proceeding. The court further held that it was not an extraordinary circumstance that the school superintendent's contract was about to expire and that a new contract was to be made. Even if the school board members had become ineligible after taking office, the Court of Appeals held that they remained de facto officers until actually ousted. Although not necessary to the decision to deny the motion for temporary injunction, the Court of Appeals clearly indicated that a contract made by the school board pending the ouster proceedings would not be retroactively invalidated if it depended on the vote of a member who was ultimately ousted. The court expressed great fear for revenue bond issues if a contrary rule was applied.

The appellant seeks to distinguish *Winstead* on two grounds. First, the school board members in the *Winstead* case had been duly elected. In this case, it was finally determined that Vina Brown had not been elected to the school board. Second, the appellants argue that there are extraordinary circumstances in this case. There was no compelling necessity for appointing Nevels in December to a new term as school superintendent and in January to a new term as secretary to the school board except to avoid the possible outcome of the challenge to Vina Brown's election. This court concludes that the peculiar facts of this case make it distinguishable from the *Winstead* decision.

■ It is the general rule that a public officer appointed by a public body, the membership of which includes a de facto member whose vote is necessary to make the appointment, is not a de jure officer. *Von Nieda v. Bennett*, 117 N.J.L. 231, 187 A. 629, 106 A.L.R. 1320 (Ct.Err. & App. 1936); *State ex rel. Roush v. Board of Education of Mason County*, 128 W.Va. 150, 35 S.E.2d 850 (1945); *State ex rel. Scanes v. Babb*, 124 W.Va. 428, 20 S.E.2d 683 (1942); *Application of Stephan*, 2 Misc.2d 6, 150 N.Y.S.2d 359 (Sup.Ct.1956). One who is appointed to an office by a de facto officer can himself be no more than a de facto officer. As between themselves, the appointer and the appointee stand upon the same footing. The only decision found by this court which does not follow the rule laid down in *Von Nieda v. Bennett, supra,* is a lower court decision in *State ex rel. James v. Deakyne*, 5 Terry 217, 44 Del. 217, 58 A.2d 129 (Sup.Ct.1948). The Delaware court was concerned for the protection of officers who accepted appointment in good faith without knowledge of any impediment of the appointing authorities. In this case, Nevels acknowledged that he was aware of the pendency of the circuit court action challenging the election of Vina Brown.

■ When an election contest is pending and an officer is appointed by one whom it is ultimately determined is only a de facto officer, justice and reason support the conclusion that the person so appointed is only a de facto officer. Any other rule would be calculated to defeat the will of the people as expressed at the polls. Consequently, the circuit court erred in holding that the vote of Vina Brown should be counted in determining whether Nevels was validly appointed to a new term as school superintendent and as secretary to the school board.

## WAS NEVELS VALIDLY APPOINTED SCHOOL SUPERINTENDENT WITHOUT THE VOTE OF VINA BROWN?

At the December 5, 1975, meeting, four members were present other than Vina

Brown. When the motion was made to appoint Nevels to a new four year term as superintendent commencing July 1, 1976, board members Harmon and Davis voted "yea" and board member Perry voted "nay". Board member Neal did not vote although the minutes of the meeting state: "Chairman Harmon asked Member Neal three times for his vote, but he did not vote." The appellees contend that Neal should be counted as voting in favor of the appointment of Nevels as school superintendent. We agree.

■ The applicable rule was stated in *Payne v. Petrie*, Ky., 419 S.W.2d 761, 763 (1967):

"In *Pierson-Trapp Co. v. Knippenberg*, Ky., 387 S.W.2d 587, 588, it was written: 'The rule is that when a quorum of a governing body is present those members who are present and do not vote will be considered as acquiescing with the majority.' We adhere to that rule, but amplify it to point out that the word 'majority' as used in the rule does not mean a numerical majority of the entire elected membership of the board, but means a majority of those present and voting."

In this case, Perry, Davis, Harmon and Neal constituted a quorum of the board. Of those who voted (Perry, Davis and Harmon) the "yea" votes cast by Davis and Harmon constituted a majority. Consequently, Neal must be considered as having voted "yea" with Davis and Harmon. Thus, disregarding the vote of Vina Brown, Nevels was still appointed school superintendent for the new term by a three to one vote.

The circuit court did not err in holding that Nevels was validly appointed to a new term as school superintendent. It follows that the board could not revoke his appointment on February 12, 1976, after the mandate had issued from the Supreme Court and Worley had qualified as a member of the board. *Board of Education of Boyle County v. McChesney, supra.*

DISREGARDING THE VOTE OF VINA BROWN, WAS NEVELS VALIDLY APPOINTED SECRETARY OF THE SCHOOL BOARD FOR A NEW TERM COMMENCING JULY 1, 1976?

■ On January 21, 1976, the school board purportedly appointed Nevels secretary of the board for a four year term commencing July 1, 1980, pursuant to KRS 160.440. All members of the board were present. Disregarding the vote of Vina Brown, there would have been a tie vote on the motion to appoint Nevels secretary. Harmon and Davis voted "yea", and Neal and Perry voted "nay". This court concludes that Nevels was not validly appointed secretary. For the reason stated earlier in this opinion, the vote of Vina Brown should not be counted on this issue. The circuit court had already declared that Worley was the winner of the election. Although the case was on appeal, it should have been apparent that the mandate from the Supreme Court would be forthcoming in a relatively short time. There was no immediate need to appoint a secretary since Nevels' term did not expire until June 30, 1976.

The circuit court erred in holding that Nevels was lawfully appointed secretary to the school board. Because the record does not indicate that the board appointed another person as secretary after Worley had qualified, it follows that the office of secretary is vacant and can be filled by the present board.

■ As he was not appointed secretary, Carter may have no standing to question Nevels' appointment. The Board has moved to dismiss the appeal. However, Jimmy V. Neal is a named appellant, and he remains a member of the board. He clearly has standing to question the Nevels' appointment as secretary.

CONCLUSION

That portion of the judgment of the circuit court upholding the validity of the appointment of Nevels as school superintend-

ent is affirmed; that portion of the judgment of the circuit court upholding the appointment of Névels as secretary is reversed.

All concur.